Junior AMOS, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 12121.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 22, 1954.

Decided Dec. 16, 1954.

Mr. Jo V. Morgan, Jr., Washington, D. C. (appointed by the District Court), for appellant.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll and Edward Troxell, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Mr. Harold H. Greene, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

Amos was convicted of assault with a dangerous weapon. He appeals from an order denying his motion for a new trial.

The defendant cut the complaining witness Smith. The motion for a new trial was supported, among other things, by an affidavit of one Bordeaux, who was not a witness at the trial, that just before the cutting Smith had threatened the defendant with a knife. At the trial there was no testimony, except that of the defendant himself, to this effect.

The defendant and his trial counsel, who was not his present counsel, tried to produce Bordeaux at the trial. They did not know how Bordeaux spelled his name. A subpoena was issued in the name of Bordoe and was sent to the District of Columbia Workhouse at Occoquan, where Bordeaux was a prisoner. Reasonable diligence of Occoquan personnel should have produced Bordeaux in response to this subpoena. It was no fault of the defendant or his counsel that Bordeaux was not available at the trial.

 We think a new trial should have been granted. We have held that newly discovered evidence which is merely cumulative does not require a new trial. Thompson v. United States, 88 U.S.App.D.C. 235, 188 F.2d 652. But that principle should not be applied where, as here, a disinterested witness becomes available who can supply evidence of vital importance and the only similar evidence at the trial was that of the defendant himself.

Reversed.