Jack Wayne **LYLES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17874.

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1959.

William F. Walsh, Houston, Tex., for appellant.

Norman W. Black, Asst. U. S. Atty., Houston, Tex., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit. Judges.

RIVES, Chief Judge.

This Court has heretofore affirmed appellant's conviction of the offense of unlawful interstate transportation of stolen currency in violation of Title 18 United States Code, § 2314.[1] For that offense, the appellant received an eight-year sentence. Within the two years allowed by Rule 33, Federal Rules of Criminal Procedure, 18 U.S.C. he filed his motion for new trial on the ground of newly discovered evidence centering around two items: (1) an affidavit of Jack Edwin Hill, the man from whom the currency was last stolen; and (2) a magazine article in the July 1957 issue of "True Police Cases" purportedly written by one of the women upon whose testimony appellant's conviction was based. It is necessary for us to discuss only the first item and the evidence which may be connected with it.

The affiant Hill, at the time of the appellant's trial, was himself in the custody of the Government awaiting trial for robbery of the Inland Empire Bank of Umatilla, Oregon. Hill was later convicted of that offense and is now confined in the United States Penitentiary at Atlanta, Georgia, under a sixteen-year sentence. The appellant's place of confinement is at Leavenworth, Kansas. Hill was brought to the appellant's trial as a Government witness and was taken into the courtroom for identification by other witnesses but was not himself called as a witness. His present affidavit undertakes to describe how the currency was forcibly taken from his possession, and continues:

"Since the incident described above, I have seen Jack Wayne Lyles, defendant in Cr. No. 13,038 in the United States District Court for the Southern District of Texas. I do not know who the men were who robbed me, but I do know and am absolutely certain that Jack Wayne Lyles was not one of those men. I

saw Jack Wayne Lyles at his trial in April and May of 1957 * * *. I swear that the man who was on trial at that time was not one of the men who entered my room in New Orleans and robbed me.

"At the time of the Lyles trial, I told both FBI Agents and, I believe, Mr. Gordon Kroll, then an assistant United States Attorney, that I could not identify Lyles as being one of the men who robbed me and, further, that I did not think Lyles was one of the men.

"I was also interviewed by Mr. William H. Scott, Jr., attorney for Jack Wayne Lyles at his trial, when I was brought to Houston for the Lyles trial. Mr. Scott asked me about the case and I told him I could not help the defense. My reason for this was that I still had hopes of having my own sentence reduced and could not afford to antagonize the government by testifying for Mr. Lyles. At the same time, as much as I felt that assisting the government would benefit me in connection with reduction of my sentence, I could not perjure myself by claiming that Lyles was involved in this case. I was deliberately evasive during these interviews because I had to watch out for my own interests. I have since thought this whole thing over and realize that a terrible injustice has been done to Jack Wayne Lyles and desire to tell the whole truth, which is as set forth above."

The appellant prayed the district court to set his motion for new trial down for a hearing, and asked for writs of habeas corpus ad testificandum for Hill and for the appellant himself. The Government answered the motion for new trial stoutly resisting the same but moving the Court to grant the appellant's request for a hearing on the motion.[2] Neither the

1. Lyles v. United States, 5 Cir., 1957, 249 F.2d 744, certiorari denied 1958, 356 U.S. 931, 78 S.Ct. 773, 2 L.Ed.2d 761.

2. The Government's answer began:
   "NOW COMES the United States of America by and through its counsel, Wil-

Government's answer nor any other part of the record, except Hill's affidavit, discloses what Hill had told the two FBI Agents and the Assistant United States Attorney at the time of appellant's trial, or what he had then told appellant's trial counsel when interviewed by him.

The district court, instead of granting the hearing on the motion, filed a thoughtfully written opinion, discussing the magazine article at some length and holding against appellant's claim that Hill's affidavit was newly discovered evidence, in part as follows:

"In Lyles' motion for new trial he asserts his innocence. If Lyles is innocent, he knew at the time of the trial that he was not one of the men who robbed Hill in New Orleans on or about August 29, 1955. And if he is innocent, he knew that Hill knew that he was not one of the robbers. If he is in fact innocent, the newly discovered evidence now claimed was all well known to him at the trial. It can be no surprise to him. With such knowledge, he let Hill, the victim of the robbery, walk in and out of the courtroom at least five different times during the trial and not once did he call Hill to the witness stand, have him sworn and ask him, 'Have you ever seen me before?', 'Am I one of the men who robbed you in New Orleans?'. It would seem to be the natural thing for one, confident of his innocence, to do. The motion recites that the lawyer who represented Lyles at the trial interviewed Hill but that Hill refused at the time to help the defense, for the reasons stated therein. But this does not alter the fact that the evidence, now claimed to be newly discovered, is not newly discovered. One has the right to call an unwilling or reluctant witness to the stand, have him sworn and challenge him to tell the truth."

The Court "Ordered, adjudged and decreed that movant's Motion for New Trial is hereby overruled and denied without oral hearing for the reasons set forth in a memorandum opinion written by the undersigned and filed on June 16, 1959."

The testimony taken upon a hearing, with the added safeguards of examination and cross-examination of the witnesses, might more accurately disclose whether or not the appellant and his trial counsel exercised due diligence in not offering Hill as a witness for the defendant; it might also show just what, if anything, Hill had told the FBI Agents and the Assistant United States Attorney at the time of appellant's trial. What he may then have said, as well as the elaboration of Hill's testimony as a witness and his personal demeanor and appearance, may show more clearly whether there is or is not credible evidence discovered since the trial which should call for the granting of the appellant's motion for new trial.

■ Ordinarily the district court may in its discretion determine a motion for new trial upon affidavits without more. Ewing v. United States, 1942, 77 U.S. App.D.C. 14, 135 F.2d 633, 638. There are, however, exceptional cases in which an oral hearing should be granted. Remmer v. United States, 1954, 347 U.S. 227, 230, 74 S.Ct. 450, 98 L.Ed. 654; Ryan v. United States, 1951, 89 U.S.App. D.C. 328, 191 F.2d 779, 781.[3]

liam B. Butler, and moves the Court to grant defendant's request for a hearing on his Motion for New Trial, but to deny thereafter the Motion for New Trial. * * * "

It concluded:

"Wherefore, premises considered, the Government urges the Court to grant defendant's request for a hearing wherein defendant as moving party will carry the burden of proof, but the Government further respectfully moves the Court to consider the above authorities during that hearing and after hearing all the facts to deny defendant's Motion for a New Trial."

3. Compare the habeas corpus and the Section 2255 proceedings in which a hearing has been held necessary, e. g., Walker v. Johnston, 1941, 312 U.S. 275, 285, 61 S.Ct. 574, 85 L.Ed. 830; United States v.

In this case, each of the parties requested an oral hearing, and evidently thought such a hearing advisable if not absolutely necessary. Under all of the facts and circumstances of the case, including the requests of the parties, we think that the district court certainly, and perhaps this Court also, will be in better position to exercise its functions if the evidence is fully developed upon a hearing. The judgment is, accordingly, vacated and the cause remanded for an oral hearing of such testimony as may be offered in support of and in opposition to the motion for new trial.

Vacated and remanded.

Hayman, 1952, 342 U.S. 205, 220, 72 S. Ct. 263, 96 L.Ed. 232; Ladner v. United States, 1958, 358 U.S. 169, 178, 179, 79 S.Ct. 209, 3 L.Ed.2d 199.