UNITED STATES of America,
Appellee,

v.

Anthony ASTORE, Defendant-Appellant.
No. 104, Docket 27633.

United States Court of Appeals
Second Circuit.

Argued Oct. 16, 1962.

Decided Oct. 23, 1962.

ment charging him and three other persons, Sam Gold and Moses Shipman, both of whom pleaded guilty prior to trial, and Joseph Schwartz, who stood trial with Astore, with the interstate transportation of obscene films in violation of 18 U.S.C. § 1465. We affirmed appellant's conviction, 2 Cir., 288 F.2d 26, and the United States Supreme Court denied certiorari, 366 U.S. 925, 81 S.Ct. 1352, 6 L.Ed.2d 384 (1961). Appellant is presently serving at the Federal Correctional Institution at Danbury, Connecticut the sentence imposed after this conviction.

Appellant has now moved for a new trial on the above indictment on the ground of newly discovered evidence and appeals from the denial of that motion, denied below in the discretion of the district judge. Gold had testified for the Government at Astore's trial. Gold, sentenced to incarceration on his guilty plea, was confined in Danbury. One Robert A. Stark was also an inmate there. Stark executed an affidavit that Gold had told Stark that the testimony Gold gave against Astore was in part perjured. It is on the basis of this affidavit that appellant moved for his new trial. However, the Government submitted an affidavit executed by Gold in which Gold denied that he had ever made the statements Stark attributed to him; and in which he stated that he was not recanting on the testimony he gave at Astore's trial and that the testimony then given was the truth.

Jenkins, Ligi & Dunn, Scranton, Pa. (Daniel H. Jenkins, John J. Dunn, Sr., Scranton, Pa., of counsel) for appellant.

Vincent L. Broderick, U. S. Atty., Southern District of New York (Robert M. Cipes, Andrew T. McEvoy, Jr., Asst. U. S. Attys., of counsel) for appellee.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

Appellant was convicted in the United States District Court for the Southern District of New York upon an indict-

■ The denial of the motion for the new trial was well within the discretion of the district judge, and his order is affirmed.

■ While at Danbury Astore was taken one day to Bergen County Court in New Jersey. There he pleaded guilty to a state gambling charge of conspiracy to make book and was forthwith returned on the same day to Danbury. Incorporated within his motion for a new trial Astore included a prayer that he be discharged from Danbury on the grounds that he was taken to New Jersey without

permission having first been given for the trip by the federal judge who sentenced him in the obscene film transportation case and that his conviction in the New Jersey court upon his guilty plea was null and void in that he was not afforded an opportunity by the Bergen County sentencing judge to make a statement at sentence in his own behalf. We advised counsel when the appeal was argued that we would not entertain any claim for relief based upon any alleged unconstitutional New Jersey conviction and sentence, and these claims were dismissed in open court.