**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth Ray CROWDER, Defendant-**
**Appellant.**

**No. 15584.**

United States Court of Appeals
Sixth Circuit.

Sept. 30, 1965.

Edwin C. Price, Jr. (Court appointed), Cincinnati, Ohio, for appellant.

George I. Cline, U. S. Atty., Lexington, Ky. (James F. Cook, Asst. U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and BOYD, District Judge.*

HARRY PHILLIPS, Circuit Judge.

Defendant-appellant, Kenneth Ray Crowder, along with Glennis Ronald Tucker and Albert Ray Green, was indicted for robbery of the Acme Federal Savings and Loan Association of Covington, Kentucky, herein called Acme. Tucker and Green entered pleas of guilty. Appellant plead not guilty and was tried and convicted by a jury. His sentence was fixed at fifteen years.

This appeal presents two principal questions: (1) The sufficiency of the evidence to sustain the verdict; and (2) the refusal of the district court to grant a motion for a new trial on grounds of newly discovered evidence.

*(1) The Sufficiency of the Evidence*

Appellant relied upon an alibi as his principal defense, contending that he was asleep at home at the time of the robbery. He was supported in this contention by his wife and by the testimony of Tucker and Green.

The uncontradicted evidence established that appellant rented an apartment at the "Ida Spence Homes" in Covington; Tucker stayed at appellant's apartment part of the time; on the night of February 28, 1963, Tucker and appellant went to Cincinnati, picked up Green and did a considerable amount of drinking during the rest of the night; these three defendants were involved in an automobile accident about 10:05 a. m., March 1, 1963; one of the vehicles involved in the accident was a white Buick; the accident took place about a quarter of a block from Acme; on the same day at about two or three minutes after 12:00 noon, Acme was robbed; two men definitely identified as Tucker and Green entered Acme and committed the robbery; approximately forty-five minutes later a white 1955 Buick which was identified as the get-away car was found parked near the Ida Spence Homes; shortly afterwards it was learned that the occupants of the car had entered the apartment of appellant; the police then went to this apartment and found the three men upstairs lying across beds, fully clothed, with their eyes

---

* Marion S. Boyd, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation.

closed, asleep or pretending to be asleep; and a search produced the major part of the money and the billfolds which were taken from victims in Acme at the time of the hold-up.

Tucker and Green testified on behalf of the defendant to the effect that the three had returned to Crowder's apartment after the 10:05 a. m. accident; that Crowder went to sleep; that Green then decided to go home and asked Tucker to drive him; that Green and Tucker then left the apartment but on the way they stopped in the vicinity of Acme and had another drink; while there the subject of bank robbery came up and the decision was made to rob Acme, primarily because they had a wreck in the area and it "seemed the logical place to do it;" that they bought caps and sunglasses for a disguise; that they had purchased the pistol used in the robbery about a week and a half before; that there was no advance planning; that they were the only two parties involved; that after the robbery they returned to appellant's apartment because it was closer than Green's house; that the caps, sunglasses and pistol were thrown away behind the Ida Spence Homes; that the proceeds of the robbery were divided between the two and that appellant did not receive any of the stolen money; that Tucker placed part of his share of the money under the mattress of a baby bed and the rest in a pocket of a jacket belonging to appellant which Tucker sometimes wore; and that appellant was not involved in any way in the robbery.

Appellant testifed that he returned home after the accident, went upstairs and went to sleep and did not leave until taken by the police. He stated that the only time that he was awake the other two were in the apartment and he did not ask them what they were doing. His wife testified that Crowder arrived home sometime between five or six and nine or ten o'clock and was at home at the time of the robbery.

The government's evidence showed that the defendants ate, bought gasoline and had an automobile accident in the Acme area; and that Tucker and Green entered Acme, and Green held four persons as hostages in the back room. Each of the four hostages testified that Green informed them that the get-away car would be outside at 12:08.

Billfolds were taken from three of these hostages which were found later at appellant's apartment. A deaf mute who entered Acme immediately after the robbery and gave a description of the car indicated that a third man was in the car at the time the other two left the scene of the robbery. A construction worker saw a white 1955 Buick outside Acme and testified that a man was sitting under the wheel although he could not identify him. A tenant living next door to appellant testified that appellant and Tucker, with a third person, passed by her window about one o'clock. The stolen money and the three wallets were found in appellant's apartment. The money was in three locations, with the larger sum being found on Green, the one who handled the gun, and two approximately equal amounts were found under the mattress of the baby bed and in appellant's jacket pocket, which was hanging in the closet.

The conflicts in the testimony presented questions of credibility to be determined by the jury, whose province it is to weigh the evidence, resolve conflicts therein, and draw reasonable inferences therefrom. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680. Applying this rule, we find that there is sufficient evidence to support the verdict.

### (2) Motion for a New Trial on Grounds of Newly Discovered Evidence

Appellant filed notice of appeal from his conviction on July 8, 1963. On December 1, 1964, this court remanded the case to the district court for the sole purpose of considering a motion for a new trial based upon newly discovered evidence. This motion was grounded up-

on an affidavit signed by Glennis Roland Tucker stating that Crowder did not participate in the crime but that one Dwight Courtney was the third participant.

The district court on February 18, 1965, denied the motion for a new trial without an evidentiary hearing, saying that:

"The record in this case has been re-examined in the light of the defendant's motion. The so-called new evidence is nothing more than the statement of a co-defendant who was present at the time of trial and who testified in behalf of the defendant, Crowder. Glennis Ronald Tucker, who signs the affidavit on which the motion for a new trial is based and who himself has plead guilty to the offense charged, testified that on the day of the robbery he was in company with the defendant, Kenneth Ray Crowder, and had been in Crowder's home after a night of drinking with his other co-defendant, Green. He stated that he left Crowder's house at approximately 11:15 or 11:30, committed the robbery with his co-defendant, Green, and returned to Crowder's house where the three defendants and the money were found by the officers. He testified that there was only one other person with him in the commission of the crime, that is, his co-defendant, Green. Now, according to his affidavit, there were three persons involved in the robbery, one of whom he says was Dwight Courtney. Notwithstanding these conflicting statements, it is established by Tucker that he and his associates in the bank robbery were at the home of the defendant, Crowder, immediately before and immediately after the robbery. The jury saw these witnesses testify and heard the witnesses for the United States and it is brought out in detail all the surrounding facts and circumstances.

"It is my judgment that the verdict should not be set aside on the ground of newly discovered evidence unless the evidence is of such a character that there is a strong probability of a different verdict in the event of a new trial * * *

\* \* \* \* \* \*

"Tucker testified in the case on June 27, 1963 but he did not make the affidavit on which the motion is based until July 30, 1964."

Appellant contends that the denial of the new trial motion was an abuse of discretion on the part of the district court or alternatively that the order should be vacated and remanded for an evidentiary hearing.

■ The granting or refusal of a motion for a new trial upon the ground of newly discovered evidence rests in the sound discretion of the trial court and a new trial will not be granted unless such evidence would probably bring about a different result. In the absence of a clear showing of abuse of discretion in determining the probable effect of the newly discovered evidence in changing the result of the trial, the action of the district judge in overruling the motion for a new trial will not be disturbed on appeal. United States v. Lewis, 338 F.2d 137 (C.A.6), cert. denied, 380 U.S. 978, 85 S.Ct. 1342, 14 L.Ed.2d 272, and cases therein cited.

■ In this case the district judge heard Tucker's testimony before the jury to the effect that only two persons were involved in the robbery and that appellant did not participate. The jury refused to believe this testimony. This same witness now has undertaken by affidavit to change his story and say that three persons were involved in the robbery, but that appellant was not the third person. We find no abuse of discretion on the part of the district judge in denying the motion for a new trial.

Appellant alternatively says that he should be granted an evidentiary hearing on his motion for a new trial.

In Lyles v. United States, 272 F.2d 910, 912 (C.A.5) the court said:

"Ordinarily the district court may in its discretion determine a motion

for new trial upon affidavits without more. Ewing v. United States, 1942, 77 U.S.App.D.C. 14, 135 F.2d 633, 638. There are, however, exceptional cases in which an oral hearing should be granted. * * *"

In Gordon v. United States, 178 F.2d 896 (C.A.6), cert. denied, 339 U.S. 935, 70 S.Ct. 664, 94 L.Ed. 1353, the new trial motion was denied after being considered only on affidavits.

Appellant contends that Dwight Courtney, the person identified by Tucker's affidavit as having been the third party involved in the robbery, is now being held in the Federal Prison at Chillicothe, Ohio, and that the case should be remanded to the district court for a hearing on the motion for a new trial in order that Courtney may be introduced as a witness. This too presents a matter within the discretion of the district judge.

Under the facts and circumstances of this case we find no abuse of discretion on the part of the district court in denying without an evidentiary hearing the motion for a new trial.

The judgment of the district court is affirmed.