**UNITED STATES of America**

v.

**James R. HOFFA et al.**

**Cr. No. 11989.**

United States District Court
E. D. Tennessee, S. D.

April 15, 1965.

On Subsequent Motion for New Trial
Nov. 12, 1965.

See also D.C., 245 F.Supp. 772.

J. H. Reddy, Chattanooga, Tenn., James F. Neal, John J. Hooker, Sr., Special Atty., Nashville, Tenn., Charles W. Shaffer, Jr., Dept. of Justice, Washington, D. C., for the United States.

James E. Haggerty, Sr., Detroit, Mich., and Harold E. Brown, Chattanooga, Tenn., for James R. Hoffa.

Cecil D. Branstetter, Nashville, Tenn., for Larry Campbell.

Harold E. Brown, Chattanooga, Tenn., for Ewing King.

Jacques M. Schiffer, New York City, for Thomas Ewing Parks.

**FRANK W. WILSON, District Judge.**

This case is before the Court upon a motion for new trial filed December 18, 1964, on behalf of the defendant, James R. Hoffa. The motion was duly adopted by the defendants, Thomas Ewing Parks, Larry Campbell, and Ewing King. After response by the Government, the motion was supplemented and thereupon a supplemental response was filed by the Government.

The present motion purports to be based upon newly discovered evidence. The trial of this case commenced upon January 20, 1964, and a verdict was returned by the jury upon March 4, 1964, finding each of the said defendants guilty upon one or more counts. Thereafter a motion for new trial was duly filed and upon consideration was overruled. The case is at this time upon appeal. Prior to the filing of the present motion for new trial in this court, a similar motion was filed in the Court of Appeals with a request that the case be remanded to this court for hearing upon the motion and that the hearing upon appeal be stayed pending the disposition of the motion in this court. The motion to remand and to stay the appeal was denied. Thereupon the present motion was filed in this court.

As stated above, the motion purports to be based upon newly discovered evidence and is made in accordance with Rule 33 of the Federal Rules of Criminal Procedure. In support of the motion the defendants have filed the affidavits of William E. Buffalino, Sidney Simpson, Rena Mae Booth, Lester Bloomenstiel, and Z. T. Osborne, Jr., together with portions of the testimony of Robert D. Vick and exhibits relating to his testimony in a trial in the United States District Court at Nashville, Tennessee, involving Z. T. Osborne, Jr. as the defendant. It is the contention of the defendants that matters set forth in the affidavits and exhibits constitute newly discovered evidence and that the matters therein set forth establish a violation of the defendant's constitutional right to due process, right to assistance of

counsel, right to protection from unreasonable searches and seizures, right against self-incrimination, and the right to effective compulsory process. In response to the defendants' motion, the Government has denied the matters set forth in support of the defendants' motion constitute newly discovered evidence, has denied that they set forth evidence legally sufficient to entitle the defendants to a new trial, and has filed the affidavits of Walter J. Sherridan, Edward Grady Partin, and William Hawk Daniels in denial of the matters set forth in the defendants' affidavits.

■ Under Rule 33 of the Federal Rules of Criminal Procedure this Court is without jurisdiction to grant the motion for new trial pending the appeal except upon remand of the case. However, a trial court does have jurisdiction to hear the motion and determine whether a request for remand should be made.

The defendants have set forth two principal grounds in support of their motion. It is first contended that the defendants have obtained newly discovered evidence of the activities of one Robert D. Vick which would establish that he acted as a secret agent of the Government while working for Z. T. Osborne, Jr., an attorney for the defendant, James R. Hoffa, during the period of time when the case was being prepared for trial. It is contended that this newly discovered evidence would establish a violation of the constitutional rights of the defendants under the Fourth, Fifth, and Sixth Amendments warranting the granting of a new trial. The affidavits of Z. T. Osborne, Jr. and portions of the record of the Osborne trial relating to Robert D. Vick are filed in support of this ground of the motion. The Government has filed the affidavit of Walter J. Sherridan in opposition to this ground in the motion.

The second principal ground in the defendants' motion is the contention that the defendants have obtained newly discovered evidence of the activities of Edward Grady Partin, a principal Government witness, in concealing witnesses and suppressing testimony, thereby denying the defendants due process and the effective right to compulsory process under the Fifth and Sixth Amendments of the Constitution. The affidavits of Sidney Simpson, William E. Buffalino, Lester Bloomenstiel, and Rena Mae Booth are filed in support of this contention. The Government has filed the affidavits of Grady Partin and William Daniels in opposition to this ground in the motion.

■ The law with respect to the granting of a new trial upon the ground of newly discovered evidence is well established. In general, the criteria ordinarily required for the granting of a new trial for newly discovered evidence are that (1) it must appear from the motion that the evidence relied upon is, in fact, "newly discovered evidence," that is, discovered after the trial; (2) the motion must allege facts from which the Court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) the evidence relied upon must be material to the principal issues involved; and (5) the evidence must be such as, on a new trial, will probably produce an acquittal. Pitts v. United States, (C.A.Alaska, 1959) 263 F.2d 808, cert. den. 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535, rehearing denied 361 U.S. 857, 80 S.Ct. 48, 4 L.Ed.2d 97. See also cases cited in note 28, Rule 33, Federal Rules of Criminal Procedure, Title 18 U.S.C.A.

■ With respect to the first ground in the defendants' motion, relating to the alleged denial of the defendants' constitutional rights by reason of the activities of Robert D. Vick in reporting to the Government information obtained in the course of his employment as an investigator for Z. T. Osborne, who was an attorney at the time for the defendant, James R. Hoffa, it is represented that this is newly discovered evidence which was not discovered by Mr. Osborne until the date of his own trial in May of 1964, some two months after the trial of the principal case, and that the legal significance to the defendants of this evidence was not appreciated until No-

vember of 1964. The Government contends that this is not newly discovered evidence, but cites only matters outside the record in support of this contention. The record, however, is almost completely devoid of any showing of due diligence upon the part of the defendants in obtaining this evidence. Nothing appears in the defendants' motion as to why, with reasonable diligence, this information could not have been discovered and presented prior to the trial in this case. All that appears is that the full extent of Mr. Vick's reporting to the Government was not known to the defendants until the time of Mr. Osborne's trial in May of 1964 and the theory as to the legal significance of his having reported was not conceived until November of 1964. A newly discovered legal theory does not of course constitute newly discovered evidence. 66 C.J.S. New Trial § 101. There is no showing that the fact of Mr. Vick's having reported to the Government was not known to the defendants prior to the trial of this case. On the contrary, the fact that it was known by the defendants that Mr. Vick had reported to the Government upon the activities of Mr. Osborne is established in the motions filed by the defendants prior to the trial seeking a continuance and change of venue due to Mr. Osborne's withdrawal as counsel for the defendant, James R. Hoffa, following revelations by Mr. Vick and following publicity incident thereto. The defendants entered upon the trial of this case fully aware of the fact that Mr. Vick had worked for Mr. Osborne and had reported to the Government with reference to at least some of the alleged activities of Mr. Osborne as counsel for the defendant and that this had caused the defendant, Mr. Hoffa, to obtain other counsel. This could not be newly discovered evidence to the defendants. The failure of the defendants to develop more fully the activities of Mr. Vick in this respect, prior to the trial, if unknown and considered relevant, can only be considered as due to a lack of reasonable diligence.

■ Furthermore, it is the opinion of the Court that the evidence with respect to Mr. Vick's activities would not warrant a granting of a new trial even if it were considered newly discovered and its non-discovery by the time of the trial were through no lack of diligence on the part of the defendants. To entitle the defendants to a new trial, it must appear that the new evidence, if undisputed and believed, would have been sufficient, if produced at the time of the trial, to have been reasonably expected to have changed the results of the original trial. That is, under the circumstances of the present case it must be sufficient to have entitled the defendants to a new trial if it had been presented at the time of the trial. Even though the new evidence were held sufficient to establish a violation of the defendants' constitutional rights, as alleged, it could not upon any theory have resulted in an acquittal of the defendants. Under the cases of Caldwell v. United States, 92 U.S.App.D.C. 355, 205 F.2d 879, and Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749, which cases are relied upon by the defendants in support of their motion, the effect of Mr. Vick's activities could at most entitle the defendants to a new trial, not an acquittal. Under the Caldwell and Coplon holdings, where interference with the right to counsel has been established, a new trial would then be held at which the defendant would have effective and uninterfered with assistance of counsel. The original interference with the defendant's right to counsel has never been held to so contaminate the case as to require an acquittal or to require a succession of new trials. The defendants are only entitled to a trial at which the interference with the right to counsel has been removed. In the present case, not only was there no reference in the trial to any matters in any way related to the matters alleged to have been reported by Vick to the Government, but even if the activities of Vick were held to be an interference with the defendants' constitutional rights, a more effective removal of the taint of interference could

not be accomplished upon the granting of a new trial than was here accomplished before the commencement of the defendants' trial. For the legal counsel with respect to whom the interference was alleged to have occurred was himself no longer in the case after the alleged interference and before the trial of the case and was no longer an attorney for the defendant at the time of the trial. There was no alleged interference on the part of Vick with any counsel who participated in the trial of the case. A more complete removal of any taint of interference could not be accomplished by the granting of a new trial.

With respect to the second ground in the defendant's motion, relating to the alleged denial of the defendants' constitutional rights by reason of the activities of witness Edward Grady Partin in seeking to conceal records and witnesses from the service of process, it is represented that this was newly discovered evidence that was not known unto the defendants until the prospective witness, Sidney Simpson, was willing to talk to the defendants in September of 1964 and his affidavit was taken in December of 1964. The affidavit of Simpson is in all matters sharply disputed by the counter-affidavits of Edward Grady Partin and William Hawk Daniels. However, accepting the Simpson affidavits as establishing the facts for the purpose of the present motion, the matters in the affidavits filed in support of the second ground in the defendants' motion would not constitute grounds for granting a new trial. The fact that the defendants were denied the effective use of process, if it is a fact, could not but have been known to the defendants at the time of the trial and could not be considered newly discovered evidence. If witnesses could not be located, or when located declined to talk, or if process could not be served, these are matters that must have been known at the time of the trial. In such event a party must have raised these issues at the time of the trial. 66 C.J.S. New Trial § 103b.

Additionally, each of the affiants whose affidavit is now relied upon as providing newly discovered evidence was known to the defendants at the time of the trial. The affiants, William Buffalino, Lester Bloomenstiel, and Rena Mae Booth, were each witnesses who testified for the defendants upon the trial. Mr. Buffalino was an attorney for Mr. Hoffa. The affiant, Sidney Simpson, appeared at the trial in response to a subpoena but allegedly declined to discuss his knowledge of Edward Grady Partin with Mr. Buffalino, although the record is not clear on this and only states that he was instructed by Mr. Partin not to talk and an associate of Mr. Simpson's, a Mr. Tucker, advised him in Mr. Buffalino's presence that he was not required to talk, whereupon, "Buffalino asked me to sit down and wait until he talked to the other lawyers so that he could see when I would be needed. I did not hear from Buffalino after that." The record does not reflect that a diligent inquiry was made at the time of the trial. The omission of counsel to interrogate a witness as to a fact is no ground for a new trial. Darnell v. McNichols, 22 Tenn. App. 287, 122 S.W.2d 808.

> "The failure of applicant to inquire what a person supposed to have knowledge of a matter in controversy knew about it or to call or examine him as a witness is not excused ordinarily by the fact that their relations were unfriendly or that the witness was believed to be hostile." 66 C.J.S. New Trial § 105.

The evidence proffered as newly discovered evidence in support of the second ground of the motion for new trial is at most only impeaching testimony. Further, it is cumulative impeaching testimony. The affiant, Sidney Simpson, represents in his affidavit that (1) the Government witness, Partin, sought to conceal witnesses and records that might be impeaching as to him, including seeking to dissuade Simpson from testifying; (2) the Government witness, Partin, over a period of time was a user of narcotics; (3) the Government witness,

Partin, had stated that he would "frame" the defendant, Hoffa, to secure the dismissal of a criminal charge against himself. The affidavits of Mr. Buffalino, Mr. Bloomenstiel, and Mrs. Booth, each of whom testified at the trial, do not purport to add any new evidence. Mr. Buffalino in his affidavit sets forth the effort made to obtain the Simpson testimony. The affidavits of Mr. Bloomenstiel and Mrs. Booth merely purport to corroborate some item in the Simpson affidavit.

It is apparent that the evidence now offered as new evidence relates exclusively to the impeachment of the Government witness, Partin. It does not otherwise relate to the substance of the charges against the defendants. It is entirely collateral to these charges. Moreover, impeachment testimony of the same nature was offered by the defendants at the trial, and the testimony of Simpson would be merely cumulative. The law is well settled that neither impeaching nor cumulative testimony is sufficient to entitle a party to a new trial when offered as newly discovered evidence. Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1; Amos v. United States, (1954), 95 U.S.App.D.C. 31, 218 F.2d 44; Hale v. United States, (C.C.A. 6, 1933) 67 F.2d 673; Baird v. United States, (C.C.A. 6, 1922) 279 F. 509; 39 Am.Jur., "New Trial," Sections 167 and 170. As stated in the case of Ashe v. United States, (C.C.A. 6, 1961) 288 F.2d 725 at page 733:

> "Among other criteria ordinarily required for the granting of a new trial for newly discovered evidence, are that the new evidence must not be merely cumulative and that it be such that on a new trial such evidence would probably produce an acquittal."

■ The defendants have requested an oral hearing upon their motion. However, the motion was fully briefed, with response being filed to the Government brief. It is well settled that a motion for new trial may be decided on affidavits without the calling of witnesses. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; United States v. On Lee, 2 Cir., 201 F.2d 722; United States v. Troche, 2 Cir., 213 F.2d 401. Where it is apparent upon the face of the affidavits, when accepted as establishing the facts therein set forth, and wholly disregarding the counter-affidavits, that the motion is without merit, the motion can properly be decided upon the record and the briefs and reply briefs of the parties.

The motion for new trial will accordingly be overruled and no request for remand of this cause will be made.

An order will enter accordingly.

On Subsequent Motion for New Trial

The defendants were indicted under the Federal Obstruction of Justice Statute (18 U.S.C. § 1503) upon May 9, 1963, and charged with willfully endeavoring to influence, intimidate, and impede jurors in the discharge of their duties. After lengthy proceedings, including two petitions by the defendants to the Court of Appeals for mandamus, each of which petitions was denied, the case went to trial upon January 20, 1964. After seven weeks of trial, the jury returned a verdict of guilty against the defendants, Hoffa, Parks, Campbell and King, and acquitted two other co-defendants.

The case is now before this Court upon the defendants' motion for new trial, the present motion, based upon alleged newly discovered evidence, having been filed upon September 1, 1965. This is the third motion for new trial filed by the defendants, and the second motion based upon alleged newly discovered evidence. The original motion for new trial, asserting 92 grounds, was filed upon March 10, 1964. This motion was overruled by opinion of the Court filed April 8, 1964, and at the time that it was set for argument in the Court of Appeals, the defendants filed their second motion for new trial, this motion being based upon alleged newly discovered evidence. This second motion was initially filed in the Court of Appeals and a stay sought in the original appeal pending its dis-

position, but the stay was denied. This Court overruled the second motion for new trial by an opinion filed April 15, 1965 (supra) and the appeal is presently pending in the Court of Appeals. In the meantime, the Court of Appeals affirmed the conviction of the defendants upon the initial appeal upon July 29, 1965. Shortly thereafter the defendants filed the present motion for new trial upon September 1, 1965, being the third such motion filed and the second motion to be based upon alleged newly discovered evidence.

Along with the present motion for new trial, the defendants filed a motion seeking to disqualify the undersigned as the presiding judge and alleging bias at the time of the trial as the grounds therefor. This Court overruled the motion to disqualify for the reasons set forth in the opinion filed September 22, 1965. See 245 F.Supp. 772. The defendants have now filed a further motion to disqualify the undersigned as the presiding judge and a motion to stay the entry of an order upon the former motion for disqualification pending reconsideration of the initial motion to disqualify.

Taking up the defendants' motion to reconsider the former motion for disqualification, the Court is of the opinion that this motion should be overruled. The motion to reconsider raises no matters that were not fully covered in the opinion of this Court filed September 22, 1965. See 245 F.Supp. 772.

Considering next the defendants' motion for disqualification filed September 27, 1965, this motion does not purport to be based upon alleged bias, nor to be brought in accordance with 28 U.S.C. § 144, but contends rather that by reason of the allegations of bias in the new trial motion, the undersigned should disqualify himself under 28 U.S.C. § 455, as having an interest in or being a witness to issues of fact raised in the motion for new trial. Thus, by allegations of bias in the motion for new trial, the defendants seek to accomplish what they are not entitled to accomplish upon a motion to disqualify for alleged bias under 28 U.S.C. § 144, the statute specifically providing for the disqualification of a trial judge for alleged bias. Obviously, such an evasion of the law cannot thus be accomplished, nor can the administration of justice thus be thwarted. If the defendants could by the mere allegation of bias in the motion for new trial accomplish the removal of a trial judge, when no grounds exist for his disqualification under the statute providing for removal for alleged bias, the defendants could not only evade the law relating to the disqualification of a judge for bias, but could by the simple expedient of including in the motion for new trial allegations of bias against each judge scheduled or designated to hear the motion accomplish the removal of every judge, both trial and appellate, in the federal court system, and thereby prevent any disposition of his motion from ever being made.

Furthermore, an allegation of bias upon the part of a trial judge first asserted in a motion for new trial does not, as a matter of law, assert any ground for new trial nor raise any issue of fact. The issue on a motion for new trial is whether error was committed in the trial of the case. In this case the trial record has now been fully and carefully reviewed by the appellate court and found to be without error. An allegation of bias made after completion of the trial and not reflected in any error made in the trial of the case cannot, as a matter of law, constitute a ground for new trial. Thus, an allegation of bias in a motion for new trial raises no issue of fact upon which the trial judge might be called as a witness nor be disqualified under 28 U.S.C. § 455. The defendants' motion for disqualification filed September 27, 1965, will accordingly be overruled.

Turning the attention of the Court next to the motion for new trial, as noted above, this motion purports to be based upon newly discovered evidence and is made in accordance with Rule 33 of the Federal Rules of Criminal Procedure, which permits the filing of such

motions within two years after the trial. In view of the fact that this case is now pending upon petition for certiorari to the United States Supreme Court from the action of the Court of Appeals in affirming the conviction of the defendants, as well as pending in the Court of Appeals upon the defendants' appeal from the action of this Court overruling the second motion for new trial, this Court would be without jurisdiction to grant the motion for new trial except upon remand of the case. However, the trial court does have jurisdiction to hear the motion and determine whether a request for remand should be made, even though the case is pending upon appeal.

The present motion sets forth three principal grounds as the basis for the motion. It is first contended that the defendants have obtained newly discovered evidence of misconduct upon the part of the United States Marshals in their care, custody and contact with the jury during the trial of the case. It is next contended that the defendants have obtained newly discovered evidence of misconduct upon the part of jurors, both before and during the trial of the case. Finally, it is contended that the defendants have obtained newly discovered evidence of bias upon the part of the trial judge alleged to have existed at the time of the trial. As noted above, this latter ground does not as a matter of law constitute a ground for new trial, so that it need not further be considered. Much that was said by the Court in its opinion upon the motion to disqualify would be relevant here, however, including the lack of any showing of diligence upon the part of the defendants. See 245 F.Supp. 772.

The allegations of misconduct made against the marshals and jurors, generally stated, are that the marshals provided and the jurors used the services of prostitutes during the trial, that the jurors were improperly provided with alcoholic beverages and other favors during the trial, and that improper communications and statements of prejudice against or guilt on the part of the defendant Hoffa were made to and by the jurors both before and during the trial. The defendants seek to support these allegations of misconduct upon the part of the marshals and jurors by the affidavits of four women who identified themselves as prostitutes, two men who identify themselves as procurers, and six men who identify themselves as employees at the plant where two jurors work. The remaining affidavits filed by the defendants are those of the defendant Hoffa, one of his assistants, and two of his attorneys. These affidavits relate to when and how the affidavits of the prostitutes, the procurers and the fellow employees were obtained. Thus, the alleged newly discovered evidence proffered by the defendants does not relate to the guilt or innocence of the defendants, but rather purports to show that the trial was at the hands of immoral and prejudiced persons, and not good and lawful men and women jurors.

In response to the defendants' motion, the Government has filed a large number of affidavits, including the affidavits of eleven of the twelve trial jurors (one juror being presently critically ill), each of the four alternate jurors, the marshal and each of the deputy marshals who assisted in the care and custody of the jury during the trial or had any contact with the jury. These affidavits specifically and categorically deny each and every act of alleged misconduct, deny any knowledge of or contact with any prostitute, deny the presence of any unauthorized person in the quarters where the jury was sequestered or any communication with any such persons, deny any statements prejudicial to the defendant either made by any juror or in the presence of any juror at any time and deny that any juror had formed or expressed any opinion prejudicial to the defendant prior to the deliberations of the jury.

Upon the basis of the allegations in their motion and supporting affidavits, these defendants seek to be permitted to produce and examine witnesses. It appears, however, that the motion can properly be decided upon the present

record, and this for two reasons. In the first place, it appears conclusively on the face of the record that the defendants' motion is legally insufficient to warrant the granting of a new trial. The law is clear that to support a motion for new trial on the ground of newly discovered evidence, the evidence must not only be newly discovered, but it must be made to appear that the failure to discover it sooner was not due to a lack of due diligence upon the part of the defendants. Pitts v. United States, 263 F.2d 808 (C. A. Alaska, 1959) cert. denied 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535, re-hearing denied 361 U.S. 357, 80 S.Ct. 48, 4 L.Ed.2d 97; Fernandez v. United States, 329 F.2d 899, 904 (C.A. 9), cert. denied 379 U.S. 832, 85 S.Ct. 62, 13 L.Ed. 2d 40; Ferina v. United States, 302 F.2d 95, 112–114 (C.A. 8), cert. denied, sub nom. Cardarella v. United States, 371 U. S. 819, 83 S.Ct. 35, 9 L.Ed.2d 59; Mills v. United States, 281 F.2d 736, 739 (C.A. 4); United States v. Costello, 255 F.2d 876, 879–831 (C.A. 2), cert. denied, 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551. Not only were many of the allegations of misconduct now asserted to be newly discovered raised by the defendants in their original motion for new trial, but there is a total lack of showing of any facts upon which diligence might be inferred.

In their original motion for new trial, the defendants alleged misconduct upon the part of marshals and jurors of much the same nature as is now alleged. The action of this Court in finding such charges in the original motion wholly without merit has now been affirmed by the Court of Appeals. Furthermore, from the record upon that motion it appeared that bellboys were offered or received large sums of money to give affidavits charging misconduct upon the part of marshals and jurors. Also at that time one lady juror was charged with making statements in Chattanooga, Tennessee, with reference to jury misconduct at a time when she was in fact in the State of Florida.

With regard to diligence, the present record is totally devoid of any showing that the evidence now presented as newly discovered could not have been discovered and produced at any time the defendants chose to do so. From the defendants' own affidavits, it appears that O'Brien, an assistant to defendant Hoffa, came to Chattanooga immediately after the Court of Appeals had affirmed the conviction of the defendants and within a matter of a few days had located and taken to the defendants' attorneys the four prostitutes, the two procurers, and the six employees whose affidavits are now alleged to constitute newly discovered evidence of misconduct upon the part of the marshals and jurors. Although the affidavit of the defendant Hoffa and one of his attorneys indicates that each heard "rumors" of jury misconduct at the time the verdict was returned, there is no allegation that they ever attempted to contact the present witnesses until 17 months after the trial and until the Court of Appeals had affirmed the convictions. There is likewise no explanation of how they were able to find the witnesses so promptly after the conviction was affirmed. The Court can only conclude that the diligence displayed by the defendant Hoffa's assistant, O'Brien, immediately after the convictions were affirmed could have located and produced the same witnesses at any earlier time that the defendants may have chosen to send O'Brien to Chattanooga for that purpose.

Wholly aside from whether the present motion alleges any "newly discovered evidence" or whether due diligence is shown in procuring such evidence, the Court can and will however decide the factual issues raised by the present motion for new trial on the basis of the affidavits and counter-affidavits filed herein. The law is well settled that a motion for new trial based upon newly discovered evidence may be decided by the Court upon the affidavits and counter-affidavits filed in support and opposition to the motion. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; United States v. Astore, 309 F.2d 144 (C.A. 2);

Lyles v. United States, 272 F.2d 910 (C. A. 5); Stern v. United States, 260 F.2d 365 (C.A. 6); United States v. Troche, 213 F.2d 401 (C.A. 2); Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633, cert. denied 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145; Hillman v. United States, 192 F. 264 (C.A. 9) cert. denied 225 U.S. 699, 32 S.Ct. 834, 56 L.Ed. 1263; United States v. Crowder, 351 F.2d 101, (C.A. 6, Sept. 30, 1965).

 Accordingly, upon the basis of the affidavits and counter-affidavits filed with regard to the present motion for new trial, the Court makes the following findings of fact:

(1) That no juror nor alternate juror who participated in the trial of this case was at any time furnished a prostitute by any United States Marshal or Deputy United States Marshal, nor did any juror at any time during the trial of this case have any contact with or engage in any conversation with any prostitute, including Patsy Jo Harris, Catherine Johnson, Troyce Dean Henry, Bobbie Ann Sells, and Marie Monday.

(2) That no United States Marshal or Deputy United States Marshal at any time during the trial of this case made any remark prejudicial to the defendant to or in the presence of any juror.

(3) That no United States Marshal or Deputy United States Marshal provided any juror with alcoholic beverages or bestowed other gifts or favors upon any juror, nor did anything calculated to influence the decision of the case by the jury either in favor of or against any party in the case.

(4) That no unauthorized separation of the jury occurred during the trial of the case and that at no time during the trial of this case was any juror out of the presence of a United States Marshal or Deputy United States Marshal duly sworn to have custody of the said jury.

(5) That no juror at any time prior to the case being submitted to the jury for decision discussed the evidence in this case with anyone or expressed any opinion as to the guilt or innocence of any defendant, or did any juror make any comment or express any prejudice against any defendant in the case prior to the rendition of the verdict, nor was any statement or comment prejudicial to any defendant made by any third party to or in the presence of any juror during the trial of the case.

(6) That neither juror Starnes, McConnell, nor Kilgore expressed any prejudice against or opinion as to the guilt or innocence of any defendant in this case prior to being selected upon the jury, nor did any such juror fail to fully and truthfully respond upon his respective voir dire examination.

(7) That the United States Marshals and Deputy United States Marshals at all times while in attendance upon the jury and each juror at all times during the course of his or her jury services conducted himself or herself in accordance with the instructions of the Court, which instructions were given in open court and the same appear of record in the trial of the case.

The foregoing findings of fact are based upon and supported by the unequivocal and categorical affidavits of each of the fifteen jurors and the affidavits of each and every United States Marshal or Deputy United States Marshal who had any custody of or contact with any juror during the trial of this case. They are not refuted by the signatures upon the affidavits of four women who admit selling their bodies, if not their signatures, for immoral purposes for $20.00. Neither are they refuted by the affidavits of two procurers for prostitutes who do not purport to identify any juror as having engaged in any misconduct. Neither are they refuted by the affidavits of fellow employees of two jurors who identify themselves as union sympathizers and believe such jurors to be hostile to unions. In this regard, the Court cannot overlook the fact that immediately after the employee, Isenhower, gave an affidavit to the defendants, which was represented as being freely and voluntarily given, accusing the juror Kilgore of perjury on his voir dire, the same employee, Isenhower,

invited the said juror to a social affair at which alleged statements of jury misconduct were made by the juror, which alleged statements form the basis of the affidavits promptly filed with the defendants by the employees, Isenhower, Horton and Bull. Such diligence, if not deviousness, in producing evidence would hardly be attributed to a witness who claims to be totally disinterested.

For the reasons hereinabove set forth, the Court is of the opinion that the defendants' motion for new trial is without merit. No request for remand of the case will be made. An order will enter accordingly. Likewise, in accordance with this opinion and in accordance with the opinion of the Court entered upon September 22, 1965, orders will enter overruling both motions of the defendants to disqualify the undersigned as the trial judge in this case and overruling the defendants' motion to stay entry of an order accordingly.

ENTER: