**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George ZIMMERMAN, Defendant-Appellant.**

**No. 18537.**

United States Court of Appeals Sixth Circuit.

Jan. 8, 1969.

Certiorari Denied March 24, 1969. See 89 S.Ct. 1196.

Gerald A. Messerman, Cleveland, Ohio, for appellant, Bernard A. Berkman, Cleveland, Ohio, on the brief.

Harry E. Pickering, Cleveland, Ohio, for appellee, Bernard J. Stuplinski, U. S. Atty., Cleveland, Ohio, on the brief.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

This is an appeal from denial of a long delayed motion for rehearing of an order denying defendant Zimmerman's motion for new trial on grounds of newly discovered evidence. The denial of the motion for new trial was entered in the District Court April 22, 1966,[1] and was affirmed by this court February 17, 1967, in the same opinion which affirmed defendant's conviction. United States v. Luxenberg, 374 F.2d 241 (6th Cir. 1967).

Dealing with the District Court's original denial of defendant's motion for new trial, this court said:

"In order for a trial judge to grant such a motion, the newly discovered evidence must be of such a nature that it will probably result in acquittal on a retrial. A trial judge's finding that the newly discovered evidence is not of this nature will not be disturbed unless a clear abuse of discretion is shown. Winer v. United States, 228 F.2d 944 (C.A.6), cert. den. 351 U.S. 906, 76 S. Ct. 695, 100 L.Ed. 1442; United States v. Crowder, 351 F.2d 101 (C.A.6). The trial judge found that in view of all the evidence presented at the trial he could give little credence to the alleged statements attributed to Gold to the effect that Zimmerman and Luxenberg

---

1. This order was in the form of a certificate to the United States Court of Appeals for the Sixth Circuit that the District Judge would deny the motion for new trial if the case were remanded by the Court of Appeals.

were dupes. We cannot say that the trial judge abused his discretion in denying the motion, and therefore find no error in this respect." United States v. Luxenberg, supra at 251.

On review of this entire record, we find no abuse of discretion in the District Court's denial of the motion for re-hearing.

Affirmed.