[No. 23306–8–I. Division One. June 4, 1990.]

THE STATE OF WASHINGTON, *Appellant,* v. WARREN K. SLANAKER, *Respondent.*

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for appellant.

*Julie A. Kesler* of *Washington Appellate Defender Association,* for respondent.

WINSOR, J.—The State appeals from an order granting Warren Slanaker's motion for a new trial. We affirm.

In January 1988, Warren Slanaker was tried before a jury on multiple counts of first degree robbery and first degree assault. The charges arose from an October 4, 1986, robbery committed by three masked, armed men. None of the robbery victims was able to conclusively identify the robbers.

Slanaker testified at trial. He said that on the night of October 4, he played poker with a group from his apartment complex for 3 to 3½ hours, and then went home with

Margaret Warner and Brenda Gift. His friend and room-mate, Robert Hall, corroborated Slanaker's poker game tes-timony. The jury rejected Slanaker's alibi and found him guilty of all the charged offenses. Slanaker received 17 con-current 180–month standard range sentences.

Slanaker was unable to locate Gift and Warner until after his conviction, and at least 1 year after his arrest. After they were located, each prepared an affidavit stating that she was with Slanaker at the time of the robbery, and explaining why Slanaker could not find her before trial. On the strength of their affidavits, plus the affidavits of two other people who said they played poker with Slanaker on October 4, Slanaker moved for a new trial on newly discov-ered evidence grounds. The trial court granted Slanaker's motion. The State appealed.

■■ CrR 7.8(b)(2) permits a trial court to grant a new trial because of newly discovered evidence.[1] Under that rule, the moving party must demonstrate that the evidence in question:

> (1) will probably change the result of the trial; (2) was discov-ered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; *and* (5) is not merely cumulative or impeaching.

*State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981). The grant or denial of a new trial is a matter within the trial court's discretion and will not be disturbed absent a clear abuse of that discretion. *E.g., State v. Wilson*, 71 Wn.2d 895, 899, 431 P.2d 221 (1967). "[A] much stronger showing of an abuse of discretion will ordinarily be required to set aside an order granting a new trial than one denying a new trial." *State v. Brent*, 30 Wn.2d 286, 290, 191 P.2d 682 (1948). Nevertheless, an order granting a new trial will

---

[1]CrR 7.8(b)(2) provides:

"On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

". . . .

"(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.6".

be overturned if "it is predicated on erroneous interpretations of the law", *State v. Jackman,* 113 Wn.2d 772, 777, 783 P.2d 580 (1989), or when one of the *Williams'* prerequisites is absent, *e.g., Williams,* 96 Wn.2d at 223.

I

We first address the State's contention that because Slanaker did not seek a trial continuance in order to obtain additional time to search for Gift and Warner, the order granting a new trial was wrongly entered. The State relies on *State v. Jackman, supra,* decided after the trial court's ruling, and after both parties' appellate briefs were filed. In *Jackman,* the court considered whether the posttrial discovery of a witness who disappeared during the 7 weeks between the originally scheduled trial date and the date trial actually commenced, warranted granting a new trial on newly discovered evidence grounds. The Supreme Court held the defendant had failed to exercise due diligence by not seeking a missing witness trial continuance. *Jackman,* 113 Wn.2d at 781–82.

The State reads *Jackman* as holding that as a matter of law, failure to request a continuance bars a later request for a new trial on newly discovered evidence grounds when the newly discovered evidence is a missing witness. We note that four members of the *Jackman* court specifically rejected this interpretation, 113 Wn.2d at 785 (Utter, J., concurring in part, dissenting in part), and question whether the *Jackman* holding can or should be read so broadly.

When a witness cannot be located for trial, a continuance should not be given absent a showing that "the witness can *probably* be found if the continuance is granted". *State v. Lane,* 56 Wn. App. 286, 296, 786 P.2d 277 (1989). An inflexible requirement that a defendant must seek a trial continuance even when there is no likelihood the witness will be found, in order to preserve the opportunity for a new trial, would clog trial courts with meritless requests for

continuance. We do not think this was the intent of the *Jackman* court.

Here, the limited record indicates that there was no likelihood Gift or Warner probably would have been found before trial. Thus, had Slanaker moved for a continuance, his motion most likely would have been denied. It would therefore serve no beneficial purpose to hold that Slanaker's failure to request a continuance prevents him from receiving a new trial. Thus, if we were to reach the merits of the State's contention, we would not find Slanaker's failure to request a continuance to be a basis for reversal.

 We need not reach the merits of the State's contention, however. The trial court in the instant case entered several findings of fact, as well as a conclusion of law, stating that Slanaker exercised due diligence trying to locate Warner and Gift before trial. The State does not assign error to any of these findings or to the conclusion.[2] Unchallenged findings of fact are verities on appeal, *State v. Harris,* 106 Wn.2d 784, 790, 725 P.2d 975 (1986), *cert. denied,* 480 U.S. 940 (1987), particularly when, as here, appellant does not supply this court with a transcript of the testimony upon which the trial court based its findings. *See Story v. Shelter Bay Co.,* 52 Wn. App. 334, 345, 760 P.2d 368 (1988) (burden is on appellant to provide adequate record on appeal; trial court's decision must stand if this burden is not met); *Rekhi v. Olason,* 28 Wn. App. 751, 753, 626 P.2d 513 (1981) (when appellate record does not contain a verbatim report of proceedings, the findings of fact will be accepted as verities). Furthermore, an unchallenged conclusion of law becomes the law of the case. *Millican of Wash. Inc. v. Wienker Carpet Serv., Inc.,* 44 Wn. App. 409, 413, 722 P.2d 861 (1986). Thus, although it can be disputed whether the exercise of "due diligence" is a finding of fact,

---

[2] In contrast, in *Jackman* the State properly assigned error to the trial court's determination that defendant had acted with due diligence, a determination labeled a conclusion of law by the trial court.

a conclusion of law, or a mixed question of law and fact, its exercise in this case is settled.[3]

■ At oral argument the State asserted that despite its failure to make proper assignments of error, the continuance issue is properly presented for review because it mentioned Slanaker's failure to seek a continuance in its brief, under its assignment of error to the court's finding that Gift's and Warner's alibi evidence was "newly discovered." An appellant's failure to properly assign error will be excused only when the nature of the challenge is perfectly clear. *Daughtry v. Jet Aeration Co.,* 91 Wn.2d 704, 710, 592 P.2d 631 (1979); *State v. Clark,* 53 Wn. App. 120, 123, 765 P.2d 916 (1988), *review denied,* 112 Wn.2d 1018 (1989). The State's brief, which devotes just two brief sentences to the issue, does not satisfy this requirement. In any event, we note that nothing in the record indicates that the State brought the continuance question to the trial court's attention at the hearing on Slanaker's motion for new trial. This alone is grounds for declining review. RAP 2.5(a).

The trial court's determination that Slanaker exercised due diligence stands.

## II

The State also contends that since Gift and Warner were known to Slanaker before trial, evidence from them cannot be "newly discovered". We disagree.

■ The State's contention ignores the interrelatedness of the *Williams'* "newly discovered" and "due diligence" factors. A previously known witness' testimony can be newly discovered when that witness could not be located before trial with the exercise of due diligence. *See generally* Annot., *What Constitutes "Newly Discovered Evidence"*

---

[3]In our opinion, the determination of due diligence is properly denominated a finding of ultimate fact, *see* 2 L. Orland, Wash. Prac., *Trial Practice* §§ 307–08 (1972), or a mixed question of law and fact. Our Supreme Court has repeatedly said that "[d]iligence is a fact and not a conclusion". *State v. Fackrell,* 44 Wn.2d 874, 880, 271 P.2d 679 (1954); *State v. O'Brien,* 66 Wash. 219, 224, 119 P. 609 (1911).

*Within Meaning of Rule 33 of Federal Rules of Criminal Procedure Relating to Motions for New Trial,* 44 A.L.R. Fed. 13, 77–78 (1979).

In *State v. Ames,* 112 Idaho 144, 730 P.2d 1064 (1986), the court considered the meaning of newly discovered evidence in the context of alibi evidence offered in support of a motion for a new trial. Despite exercising due diligence, defendant was unable to locate a known probable alibi witness until after trial. The court rejected the State's argument that the evidence was not newly discovered, reasoning:

> Although the content of an absent witness' testimony may be *predicted,* it is not "known" until that witness is contacted. If the witness cannot be contacted until after trial, the evidence is "newly discovered" . . . . Nothing in the record leads us to conclude that an exercise of due diligence would have turned up the witness' location. Because Ames' attorney was not able to speak with the [witness] before trial, he did not know the substance of her testimony. . . . We conclude that the testimony . . . would clearly be newly discovered evidence . . ..

*Ames,* 112 Idaho at 147; *accord, State v. Caldwell,* 112 Idaho 748, 751, 735 P.2d 1059, 1062 (1987) ("testimony of a known but unavailable witness will be considered 'newly discovered evidence' where reasonably diligent efforts to produce the witness have been unavailing"). Federal courts have reached the same result. In *Amos v. United States,* 218 F.2d 44 (D.C. Cir. 1954), the court impliedly held that a witness who was known but could not be located before trial could provide "newly discovered evidence". *Accord, Mejia v. United States,* 291 F.2d 198 (9th Cir. 1961); *see also United States v. Ouimette,* 798 F.2d 47 (2d Cir. 1986), *cert. denied,* 488 U.S. 863 (1988).

### III

Next, the State challenges the trial court's findings and conclusions relating to its ruling that the newly discovered evidence was not merely cumulative. It argues that because Slanaker and Hall each testified at trial concerning Slanaker's alibi, any additional evidence concerning that alibi is cumulative and thus does not justify ordering a new trial.

■ The rule that newly discovered cumulative evidence does not warrant the grant of a new trial is flexibly applied when the newly discovered evidence is offered to establish an alibi defense. Trial courts did not have discretion to deny a new trial request on the ground that newly discovered alibi evidence was merely cumulative until the 1920's. *Compare State v. Dinas,* 129 Wash. 75, 83, 224 P. 597 (1924) (noting recent holding that court may deny a new trial "even though the newly discovered evidence supports the defense of an alibi"); *with State v. Stowe,* 3 Wash. 206, 211–12, 28 P. 337 (1891) (cumulative evidence rule does not apply when the object of the evidence is to prove an alibi). Even now, denial of a new trial on this basis is within the trial court's discretion only when the new testimony does not "take much weight", *Dinas,* 129 Wash. at 83, or when other, impartial witnesses gave alibi testimony at trial, *State v. Parker,* 114 Wash. 428, 432–33, 195 P. 229 (1921).

We are aware that despite this traditionally flexible approach, more recent cases have strictly applied the cumulative evidence rule to newly discovered alibi evidence. *See, e.g., State v. Fellers,* 37 Wn. App. 613, 617, 683 P.2d 209 (1984); *State v. Edwards,* 23 Wn. App. 893, 898, 600 P.2d 566 (1979). However, these cases are distinguishable from the instant case in two respects: (1) each involved review of a trial court order *denying* defendant's motion for a new trial; and (2) multiple grounds supported the trial court's determination that the newly discovered alibi evidence did not warrant a new trial.

Here, only Slanaker and his roommate, Hall, gave testimony on Slanaker's alibi defense. During closing arguments the prosecutor impeached their testimony by arguing from the evidence that both men had a motive to lie, whereas the State's witnesses had "no motive, except to tell the truth." In light of the State's approach, Gift's and Warner's apparently impartial alibi testimony could be extremely significant. This consideration, coupled with the wide discretion the trial court has to grant a new trial, compels us to uphold the trial court's ruling. *See Amos,* 218 F.2d at 44

(declining to apply rule that a new trial should not be granted when newly discovered evidence is merely cumulative, to a case in which "a disinterested witness becomes available who can supply evidence of vital importance and the only similar evidence at the trial was that of the defendant himself"); *State v. Wilson,* 38 Wn.2d 593, 622–23, 231 P.2d 288, *cert. denied,* 342 U.S. 855 (1951), 343 U.S. 950 (1952) (citing with approval the proposition that newly discovered evidence that corroborates testimony given by a party or other interested witness, and which would probably render a different trial outcome, is not subject to rule against cumulative evidence).

The order granting a new trial is affirmed.

PEKELIS and BAKER, JJ., concur.

Review denied at 115 Wn.2d 1031 (1990).