**UNITED STATES of America**

v.

**James R. HOFFA, Larry Campbell, Allen Dorfman, Thomas Ewing Parks, Nicholas J. Tweel, and Ewing King.**

**Crim. No. 11989.**

United States District Court
E. D. Tennessee, S. D.

March 12, 1964.

James F. Neal, U. S. Atty., and John J. Hooker, Sr., Sp. Atty., Nashville, Tenn., J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

James E. Haggerty, Sr., Detroit, Mich., for defendants.

Berke & Berke (Harry Berke), Chattanooga, Tenn., for James R. Hoffa.

Dave A. Alexander, Franklin, Tenn., and Henry V. Grady, Chattanooga, Tenn., for Nicholas J. Tweel.

Harvey M. Silets, Chicago, Ill., for Allen Dorfman.

Cecil D. Branstetter, Nashville, Tenn., for Larry Campbell.

Jacques M. Schiffer, New York City, for Thomas Ewing Parks.

Joe P. Binkley, Nashville, Tenn., and Harold E. Brown, Chattanooga, Tenn., for Ewing King.

FRANK W. WILSON, District Judge.

Motions challenging the array and moving to strike the panel of petit jurors were filed upon January 20, 1964, by various defendants. It was the understanding of the Court that each of the defendants joined in the challenge to the array and the motions to strike the jury panel. These motions were overruled after oral presentations for the reasons stated at the hearing. It was there stated by the Court:

"Gentlemen, it is the opinion of the Court that the motion to quash and the motions to strike of each defendant should be overruled. This case was transferred to this district on December 29, 1963, and set for trial at that time upon this date, January 20. Since that time, as reflected by the motions themselves, no party has attempted to ascertain any facts with regard to the method of drawing the jury. No party has, in his motion, indicated any facts that would indicate an unfair drawing, an improper drawing of the jury.

"The Jury Commissioners were available, subject to being inquired of by any counsel that sought to do so. Two counsel indicated that they have and both of them indicate that their inquiries indicated proper procedures were followed. There is no basis in this record for the Court to throw the hearing open for a fishing expedition, and it would be apparent that would be all that it would be, because there is no fact shown in the record that would indicate that anything done was done improperly or done otherwise than as required by law.

"The parties have had almost a month in which to inquire into these matters and yet they have elected to wait until the morning of trial to file any motion and have filed nothing in support of the motion that would justify or warrant the Court in opening up the case and delaying any trial on that basis.

"Each motion on behalf of the defendants to challenge the array and to strike the 200 jurors drawn will be overruled."

The Court is of the opinion that the motions were properly overruled for the reasons that (1) the motions were insufficient as a matter of law and (2) the motions were not timely filed as provided by Rule 12(b), Federal Rules of Criminal Procedure, 18 U.S.C., and (3) there was no sufficient cause shown or foundation laid to permit or require the holding of a hearing for the production of testimony.

■ This case was transferred to this district from the Middle District of Tennessee by order of the Court entered upon December 29, 1963, and the trial was set for January 20, 1964. At all times from and after December 29, 1963, the defendants knew that the case would be for trial in this court upon January 20, 1964. And yet the defendants took no steps and filed no motions with respect to any challenge to the array until the trial had started upon January 20, 1964, and 76 jurors were sitting in the courtroom awaiting their voir dire. A preliminary hearing was held in the case on January 18, 1964, with counsel for all parties present. No mention was made by any defendant of any motion seeking to challenge the array, although specific inquiry was made in this respect by counsel for the Government. The regular jury panel had been drawn prior to the commencement of the November 1963 term of court. Anticipating that additional jurors might be needed for the selection of an impartial jury in this case, the Court by order filed December 29, 1963, directed the Jury Commissioners to draw an additional 200 names from the jury box for prospective jury service. These additional jurors were drawn at a public drawing upon January 9, 1964, at which drawing at least one of the defendants was represented by counsel and a court reporter, and yet, as stated above, no step was taken by any counsel for any defendant with respect to any challenge to the array until the trial had started upon January 20, 1964, and a large number of jurors were in the court awaiting their voir dire. The Court is of the opin-

ion that under these circumstances the filing of the motions was not timely.

■ At the time the motions were made upon January 20, 1964, counsel were permitted to make extensive arguments, which consisted of a recitation of census statistics of population distribution in this district and reference to certain jury questionnaires upon jurors awaiting voir dire, which questionnaires had been made available to all counsel by the Court as an assistance in conducting their voir dire. The burden of the defendants' argument was that the questionnaires did not reflect a proportionate representation of all occupations and races. In this respect race was in no wise reflected in any questionnaire or in any jury record. The defendants base their complaint on alleged racial discrimination merely by looking over the courtroom. Upon this sort of basis the defendants contended that a particular jury panel drawn from the box must contain all cognizable elements of the community and that any failure in this respect would reflect a failure to place a fair cross-section of the community in the jury box. However, the authorities uniformly hold that a mere showing that any particular class or occupation is not represented upon a particular panel or that there is not a proportionate representation upon a particular panel is insufficient to support a challenge to the array. Fay v. People, 332 U.S. 261, 67 S. Ct. 1613, 91 L.Ed. 2043 (1947); Akins v. State of Texas, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692 (1945); Hernandez v. State of Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954); and Bailey v. Henslee, 287 F.2d 936, cert. den. 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). As stated in the case of Padgett v. Buxton-Smith Mercantile Co., 283 F.2d 597 (C.C.A.10, 1960) where a challenge to the array was supported by statistical analysis:

"The rule requiring a jury to be truly representative of a cross-section of the community and forbidding the systematic or arbitrary exclusion of members of any ethnic,

racial, religious, social or economic group does not mean that a banker is entitled to a jury on which another banker sits or that a day laborer have a jury on which a member of his group sits. The petit jury, the panel and the array are not suspect because of the absence of a member of a litigant's group from the trial jury or from the panel out of which the trial jury is selected * * *"

■ Thus, any successful challenge to the array must address itself to the system by which the jury box is filled, rather than the particular composition of a panel drawn from that box or the particular composition of the box itself, and it must be shown that there has been a systematic exclusion of cognizable elements in the community. Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181 (1946). The recitation of statistics by counsel regarding the composition of a panel drawn from a particular jury box is insufficient to sustain a challenge to the array as a matter of law.

■ The defendants failed in any respect to meet the requirements for holding a hearing upon the challenge to the array. The following pertinent language from the Sixth Circuit Court of Appeals in Poliafico v. United States, 237 F.2d 97 (1956) cert. den. 352 U.S. 1952, 77 S.Ct. 590, 1 L.Ed.2d 597, is equally applicable in the case before the Court:

"The challenges to the selection of the juries were not specific; they did not set forth distinctly any grounds relied upon; they did not purport to rely upon any facts; they embodied merely the opinions and conclusions of counsel; no affidavits were filed, and no evidence was introduced to support any irregularities; it was not alleged that the method of selection of the jurors did not comply with the law."

A hearing was held to have been properly denied upon the above quoted facts from the Poliafico case. Here only two of the defendants had made any inquiry whatsoever of the Jury Commissioners or of the method of placing names in the jury box and both of these reported no information that would reflect any basis for a challenge of the array, but upon the contrary reported that the only information they had was that the jury box was properly and lawfully filled. There is no indication in the record that the defendants had any item or any source of proof as to the manner in which the box was filled. It is apparent that the defendants sought at most to undertake a hearing for discovery purposes without any previous basis having been laid therefor, with the consequent interruption and delay of the trial while this collateral issue was pursued. A bare unsupported allegation will not necessitate a hearing upon a challenge to the array. The Poliafico case stated that

"In the absence of evidence to the contrary, it will be presumed that the officers charged with selecting a jury have acted according to law. A challenge to the array must be supported by evidence * * * (I)t was not error on the part of the trial court, during the examination of the jury, to refuse to summon the jury commissioner to come from her home two hundred miles distant to submit to examination by appellants' counsel on the possibility that something might turn up to strengthen a suspicion."

The defendants contend that they did not know the composition of the jury until the morning of trial but they did not inquire of the Jury Commissioners and "inquiry as to the system employed could have been made at any time". Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963).

Other jurisdictions have had occasion to consider the necessity of holding a hearing upon a challenge to the array of petit jurors. The District Court for the District of Hawaii stated in United States v. Fujimoto, 102 F.Supp. 890 (1952), as follows:

" * * * (T)he presumption of regularity which surrounds the work

of the Jury Commissioners has long been recognized as a rebuttable yet very substantial presumption. It does not easily fall apart when attacked by a shotgun loaded with statistics. To prevail upon a motion like this, there must be clear and convincing proof of intentional or systematic exclusion of a group or class. * * * (Citations omitted.)

\* \* \* \* \*

"A party tendering a motion such as this must, in order to be entitled to a hearing, spell out by the moving papers a prima facie case. Where from the face of these papers it appears that, even granting the truth of the charge, still no relief would be warranted in point of law, a purposeless, time-consuming hearing will not be held. And a movant will not be heard to contend that his case will be made to appear from evidence, as defendants here add, 'Upon evidence to be presented at the time of the hearing'. In all motions the moving party has the duty to put forth his best foot forward. And this is particularly so as to a motion like this that attacks one of the foundations of the judicial system."

To the same effect see Padgett v. Buxton-Smith Mercantile Co., 283 F.2d 597, Tenth Cir. (1960); United States v. Romano, D.C., 191 F.Supp. 772 (1961); Windom v. United States, 260 F.2d 384, Tenth Cir. (1958); United States v. Foster, D.C., 80 F.Supp. 479 (1949). The burden of showing that a jury panel is suspect lies with the defendants. Frazier v. United States, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187 (1948).

The defendants never carried their burden of placing the system of selecting jurors in issue so as to entitle them to a hearing although they renewed their challenge to the array and moved to strike the panel from time to time. Nothing in addition to the intitial moving papers and argument of counsel in support thereof was ever offered in support of the challenge to the array or the request for a hearing. They, as heretofore stated, were insufficient as a matter of law and did not entitle the movants to put on proof inasmuch as the defendants did not put the method of selecting jurors in this jurisdiction in issue.