376 F.2d 1020
 UNITED STATES of America, Plaintiff-Appellee,
v.
James R. HOFFA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry CAMPBELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Ewing PARKS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ewing KING, Defendant-Appellant.
 Nos. 16567-16570.
 United States Court of Appeals Sixth Circuit.
 May 2, 1967.
 
 Daniel B. Maher, Washington, D.C. (James E. Haggerty, Sr., Detroit, Mich., for James R. Hoffa. Jacques M. Schiffer, Rockville Center, N.Y., for Thomas Ewing Parks. Cecil D. Branstetter, Nashville, Tenn., for Larry Campbell. Harold E. Brown, Chattanooga, Tenn., for Ewing King. Morris A. Shenker, St. Louis, Mo., on the brief), for appellants.
 Nathan Lewin, Dept. of Justice, Washington, D.C. (Fred M. Vinson, Jr., Asst. Atty. Gen., Robert S. Erdahl, Theodore George Gilinsky, Attys., Dept. of Justice, Washington, D.C., John H. Beddy, U.S. Atty., Chattanooga, Tenn., James F. Neal, U.S. Atty., Nashville, Tenn., on the brief), for appellee.
 Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and CECIL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 More than eight months after their conviction on charges of jury tampering and while their direct appeals therefrom were pending in this Court, the defendants filed their second motion for a new trial in the District Court. The motion alleged newly discovered evidence. Affidavits in support of the motion were filed by defendants and the Government filed counter-affidavits resisting the motion.
 
 
 2
 The District Judge gave careful consideration to the motion and handed down an opinion denying it. The present appeals followed.
 
 
 3
 In the direct appeals, the judgments of conviction were affirmed by this Court. United States v. Hoffa et al., 6 Cir., 349 F.2d 20 (1965). The Supreme Court granted certiorari and affirmed on December 12, 1966, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), rehearing denied February 27, 1967, 386 U.S. 951, 87 S.Ct. 970, 17 L.Ed.2d 880 (1967).
 
 
 4
 In the present appeals from the order denying the second motion for a new trial, appellants argue two points:
 
 
 5
 1. That the Government had intruded upon their right to counsel while the criminal case was pending in the District Court; and
 
 
 6
 2. That the chief Government witness (Partin), acting either in connivance or at least with the acquiescence of unnamed United States Marshals, suppressed testimony which would have materially impeached Partin.
 
 
 7
 The alleged newly discovered evidence does not relate to the guilt or innocence of the appellants. We will consider these contentions seriatim.
 
 I. Alleged Intrusion upon Right to Counsel
 
 8
 In the direct appeals it was claimed that the Government intruded upon the defendants' right to counsel by placing an informer, named Partin, in their midst. This claim was adjudged to be without merit. United States v. Hoffa, supra.
 
 
 9
 In the present appeals, the alleged intrusion was claimed to be by a Nashville policeman named Vick, whose testimony resulted in the disbarment of Hoffa's attorney, Osborn, and also his conviction for jury tampering. The Government submitted evidence to the effect that it had not illegally placed Vick in the defense camp and had only accepted information volunteered by him relating to illegal activities.
 
 
 10
 But long before Appellant's jury tampering trial commenced, namely in August, 1963, Hoffa's attorney, Osborn, learned that Vick had been talking with Sheridan, a special consultant to the Department of Justice. Osborn knew later in November, 1963, that Vick had informed on him to the Government and had given affidavits and a tape recording disclosing his jury tampering activities. Osborn heard the tape recording at his disbarment hearing on November 19, 1963. Osborn had been cited to appear in the District Court to answer disbarment charges based on Vick's evidence, and was disbarred on November 20, 1963.
 
 
 11
 Appellants' trial did not commence until January 20, 1964. By that time Appellants well knew that Vick had informed on Osborn and had given evidence against him. If they desired to make a point of Vick's alleged intrusion, they had ample opportunity to do so at their trial, and should not have waited until eights months thereafter.
 
 
 12
 The activities of Vick appear more fully in United States v. Osborn, 350 F.2d 497 (6th Cir. 1965), in which Osborn's judgment of conviction for jury tampering was affirmed. The Supreme Court granted certiorari and affirmed, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966), rehearing denied 386 U.S. 938, 87 S.Ct. 951, 17 L.Ed.2d 813 (February 20, 1967).
 
 
 13
 By no stretch of the imagination can Vick's acting as an informer be classified as newly discovered evidence. If the Appellants were actually unaware of the full extent of Vick's informing activities, such lack of knowledge can only be attributed to their failure to exercise due diligence to obtain and present the information. It is too late to do so now. Mesarosh v. United States, 352 U.S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956); United States v. West, 170 F.Supp. 200 (N.D. Ohio 1959) aff'd 274 F.2d 885 (6th Cir. 1960) cert. denied 365 U.S. 811, 819, 81 S.Ct. 688, 5 L.Ed.2d 691.
 
 
 14
 But disregarding the newly discovered evidence rule and considering the evidence on its merits, it is clear that it all related to historical events which took place prior to the trial. Any interference with the prior relationship between Hoffa and Osborn had ceased when Osborn was disbarred on November 20, 1963. When the trial commenced on January 20, 1964, Hoffa was represented by other counsel. There was no interference with Hoffa's new counsel either prior to or during the course of the trial.
 
 
 15
 The District Court found that at the trial there was no reference to any matters alleged to have been reported by Vick to the Government.
 
 
 16
 The cases on which Appellants rely, namely, Caldwell v. United States,92 U.S.App.D.C. 355, 205 F.2d 879 (1953), and Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749 (1951), related to interception of telephone consultations between attorney and client before and during the trial (Coplon) and the gaining of free access to defense planning by a Government Agent acting as a defense assistant (Caldwell). It was held that this only 'invalidates the trial at which it occurred.' The evidence was not tainted and could be used on retrial. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408. The present case, unlike Caldwell and Coplon, involved no interference with counsel participating in the trial. As the District Court stated:
 
 
 17
 'There was no alleged interference on the part of Vick with any counsel who participated in the trial of the case. A more complete removal of any taint of interference could not be accomplished by granting a new trial.'
 
 
 18
 We agree that no valid purpose could be served by granting a new trial on this ground.
 
 II. Alleged Suppression of Evidence
 
 19
 The Appellants rely principally on the affidavit of one Simpson, a convicted perjurer with a long criminal record. Simpson's affidavit was contradicted by counter-affidavits. Part of Simpson's affidavit relates to evidence impeaching Partin as a narcotics user. But Partin's alleged addiction to narcotics was fully explored at the trial and no the appeals, and is not new. Cumulative impeaching evidence of this type affords no basis for a new trial. Mesarosh v. United States, supra; United States v. West, supra.
 
 
 20
 Similarly, the affidavit of Rena Mae Booth relative to narcotics, is not newly discovered evidence. She testified for the defense at the trial.
 
 
 21
 Also, the alleged threat to Lester Bloomenstiel, before he testified, is not new, as an attempt was made to go into this subject at the trial.
 
 
 22
 Relative to the claim that the records of Local No. 5 were suppressed, it appears that the Trial Judge quashed a subpoena for these records.
 
 
 23
 Simpson's affidavit relating to what Mildred Kelly told him is pure hearsay. In any event, the question could have been raised at the trial, and is not newly discovered evidence.
 
 
 24
 It can hardly be claimed that Partin prevented Simpson from testifying at the trial. Simpson was subpoenaed as a witness by the defense, and appeared at the court house in response thereto. His affidavit indicates that he talked there with Hoffa's attorney Bufalino. He says that Bufalino told him to 'wait until the talked to the other lawyers so that he could see when I would be needed. I did not hear from Bufalino after that.' If Appellants desired to complain about Partin's interference, they should have raised this issue at their trial.
 
 
 25
 It is not unreasonable to infer the reason that the defense did not all Simpson as a witness was because of his extensive criminal record.
 
 
 26
 Affirmed.