**UNITED STATES of America**

**v.**

**James R. HOFFA, Thomas Ewing Parks, Larry Campbell and Ewing King.**

**Crim. No. 11989.**

United States District Court
E. D. Tennesssee, S. D.

May 10, 1967.

Robert J. Rosthal, Michael T. Epstein, William O. Bittman, Austin Mittler, Daniel Schultz, Theodore George Gilinsky, U. S. Dept. of Justice, Washington, D. C., J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for the Government.

Morris A. Shenker, St. Louis, Mo., Daniel B. Maher, Washington, D. C., for James R. Hoffa.

Jacques M. Schiffer, Rockville Centre, for Thomas Ewing Parks.

Cecil D. Branstetter, Nashville, Tenn., for Larry Campbell.

Harold E. Brown, Chattanooga, Tenn., P. D. Maktos, Washington, D. C., for Ewing King.

## OPINION

FRANK W. WILSON, District Judge.

This case is before the Court upon a motion for new trial filed on behalf of each defendant, James R. Hoffa, Thomas Ewing Parks, Larry Campbell, and Ewing King. The motion was filed in this court upon February 28, 1967, and amended upon April 3, 1967.

The defendants were each convicted on March 4, 1964, of violating the Federal Obstruction of Justice Act (18 U.S.C. § 1503) in that they did willfully endeavor to influence, intimidate and impede jurors in the discharge of their duties. An original motion for new trial was filed on behalf of each defendant immediately after the trial. That motion was overruled. Thereupon an appeal was taken on behalf of each defendant, resulting in the conviction of each defendant being affirmed by the Court of Appeals on July 29, 1965. United States v. Hoffa, 349 F.2d 20.

Certiorari having been granted by the United States Supreme Court, the conviction of each defendant was affirmed by that Court upon December 12, 1966. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374. A rehearing was denied by the United States Supreme Court upon February 27, 1967. Hoffa v. United States, 386 U.S. 940, 87 S.Ct. 970, 17 L.Ed.2d 880. The defendants were thereupon committed to the custody of the Attorney General to commence serving their respective sentences upon March 7, 1967.

Meanwhile, and during the pendency of the above appeal, a second and third motion for new trial were filed on behalf of each defendant. These motions, based upon allegations of newly discovered evidence, were denied by this Court. United States v. Hoffa, D.C., 245 F.Supp. 772; United States v. Hoffa, D.C., 247 F.Supp. 692. The action of this Court in denying the second motion was affirmed by the Court of Appeals by an opinion filed May 2, 1967. (Nos. 16,567; 16,-568; 16,569; and 16,570). 376 F.2d 1020.

The present motion for new trial, being the fourth motion for new trial and the third such motion based upon allegations of newly discovered evidence, asserts that the defendants have recently acquired information that they and their attorneys were subject to unlawful surveillance by government agents by means of wiretapping, electronic eavesdropping or other intrusions both prior to and during the trial in which they were convicted. The motion is supported by a

number of affidavits. The Government responded to the present motion, denying each allegation of surveillance, wiretapping, electronic eavesdropping or other intrusions upon the defendants' rights and filed a number of affidavits in support of such denials. Upon this state of the record, and as prayed for in the defendants' motion, an evidentiary hearing was ordered by the Court upon the issues of fact raised in the defendants' motion as amended and the Government's response thereto. By order entered March 27, 1967, the evidentiary hearing was set to commence upon May 8, 1967. Upon request of the Government and the defendants consenting thereto, the commencement of the evidentiary hearing was delayed until May 9, 1967.

Upon the date of the hearing, May 9, 1967, the defendants each appeared in open court with their respective counsel and moved the Court for a continuance of the evidentiary hearing for a period of 90 days, the motion for continuance being predicated upon the allegation that counsel for the defendants had recently received information which in their opinion made it improper for them to proceed. The nature of the information was not disclosed unto the Court, other than to advise the Court that such information related to the matters in issue in the evidentiary hearing and that counsel did not feel that, as a matter of ethics, they could proceed with the evidentiary hearing, nor did they feel that they could disclose the information under their obligations unto their respective clients. The motion for continuance was thereupon denied.

A motion was then made on behalf of each defendant to be allowed to dismiss the present motion for new trial, such dismissal to be without prejudice to their right to refile the same or any portion thereof. The motion to be allowed to dismiss was based upon the same grounds as stated in support of the motion to continue, and was likewise denied by the Court. Thereupon the defendants were called upon to present any

matters or introduce any evidence which they wished to present or introduce in support of their motion for new trial, but they declined to do so, advising the Court that they did not propose to offer any further matters in behalf of the motion for new trial. The Government then moved that the motion for new trial be dismissed, and this motion to dismiss was taken under advisement by the Court. The evidentiary hearing was adjourned upon this state of the record.

■■■ The Court is of the opinion that the motion for new trial filed herein under date of February 28, 1967, as amended upon April 3, 1967, should be denied as to each ground asserted therein. The defendants have failed to establish that their rights were violated in any respect by the Government as alleged in the motion. It is sufficient cause for denial of the motion that the defendants have defaulted in the presentation of any evidence in support of their motion upon the evidentiary hearing. The burden of proof in regard to a motion for new trial upon the ground of newly discovered evidence is of course upon the defendant. Having failed to present any evidence, the defendants herein have failed to carry that burden.

■■■ Although no precedent has been cited unto the Court, and none has come to the attention of the Court, wherein a rule was established with respect to what weight, if any, was to be given to affidavits in support of a motion for new trial where an evidentiary hearing was ordered on the motion and the defendant defaulted in the production of any evidence at the hearing, the Court is of the opinion that the proper rule in this respect is that the affidavit of a witness filed in support of the motion is entitled to no further weight nor consideration after an opportunity has been afforded unto the defendant to produce the witness for examination and cross-examination at an evidentiary hearing and the defendant fails, without reason, to produce the witness. In this regard see Glasser v. United States, 315 U.S. 60, 62

S.Ct. 457, 86 L.Ed. 680, reh. den. 315 U.S. 827, 62 S.Ct. 629, 86 L.Ed. 1222.

 Moreover, even should the affidavits filed herein in support of the motion remain a matter for consideration, they are in each instance specifically and fully denied by counter-affidavits. As stated at 39 Am.Jur., "New Trial", Section 198:

> "To warrant the setting aside of a verdict on a motion for new trial, the evidence should be clear and satisfactory. In view of the temptation to obtain a rehearing after an adverse verdict, particularly in a criminal case, and in view also of the facility with which affidavits for this purpose can be obtained, all such evidence should be scrutinized with the greatest care and caution."

Upon the present state of the record there is little, if any, cause for the Court to place credence in the affidavits filed in support of the motion. The action of counsel for the defendants in declining to call the witness when afforded the opportunity to do so would reasonably indicate unto the Court that such counsel may have learned of matters in their preparation for the hearing which caused them to be unwilling to further assert or vouch for the truth of the matters set forth in the affidavits filed in support of the motion. Should this be the case, while it would be commendable of counsel to decline presenting matters unto the Court as true when in fact they have no belief in the truth of the matters, it would likewise be regrettable that the investigation leading to this conclusion was not undertaken and completed prior to the filing of the affidavits in the United States Supreme Court and in this court. Upon the present record the Court would accordingly find that no credible evidence has been presented by affidavits or otherwise that any wiretapping, electronic eavesdropping or other unlawful surveillance or intrusion upon the defendants' rights was committed by the Government either prior to or during the course of the trial in which they were convicted.

 Finally, and in addition to the foregoing, certain portions of the defendants' motion failed as a matter of law to assert grounds for a new trial. These matters were covered in the order of this Court as entered upon April 26, 1967, wherein the Court defined the scope of the evidentiary hearing and stated its reasons for excluding certain matters from the evidentiary hearing. As there stated, general allegations of violations of the defendant's rights, unsupported by affidavit or specifications of fact, as well as allegations of wiretapping or eavesdropping upon others, and not shown in any way to relate to the rights of these defendants, are insufficient as a matter of law to support a motion for new trial based upon an allegation of newly discovered evidence.

An order will enter dismissing with prejudice the motion for new trial with respect to each ground thereof.