**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James R. HOFFA, Thomas Ewing Parks and Larry Campbell, Defendants-Appellants.**

**Nos. 18029–18031.**

United States Court of Appeals
Sixth Circuit.

July 23, 1968.

Morris A. Shenker, St. Louis, Mo., for appellants, Joseph A. Fanelli, Washington, D. C., for James R. Hoffa, Jacques M. Schiffer, Rockville Center, for Thomas Ewing Parks, Cecil D. Branstetter, Nashville, Tenn., for Larry Campbell, Daniel B. Maher, Washington, D. C., of counsel.

Theodore George Gilinsky, Atty., Dept. of Justice, Washington, D. C., for appellee, Fred M. Vinson, Jr., Asst. Atty. Gen., Austin S. Mittler, Daniel E. Schultz, Attys., Dept. of Justice, Washington, D. C., John H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief.

Before O'SULLIVAN and CELE-BREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

O'SULLIVAN, Circuit Judge.

This matter involves the appeals of defendants-appellants, above named, from denial of the fourth motion for a new trial made by them in the above cause. They had been convicted of endeavoring to influence, intimidate and impede petit jurors in the discharge of their duties, in violation of 18 U.S.C. § 1503, by jury verdict returned in the District Court at Chattanooga, Tennessee, on March 4, 1964. On appeal to this Court, their conviction and the denial of their first motion for new trial were affirmed. United States v. Hoffa, 349 F.2d 20 (6th Cir. 1965), aff'd 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), rehearing denied, February 27, 1967, 386 U.S. 951, 87 S.Ct. 970, 17 L.Ed.2d 880 (1967).[1] A second motion for new trial was denied and such denial was affirmed here. United States v. Hoffa, 376 F.2d 1020 (6th Cir. 1967), cert. denied, 389 U.S. 859, 88 S.Ct. 102, 19 L.Ed.2d 124 (1967). The denial of a third motion for new trial, based upon allegedly newly discovered evidence of misconduct of the jurors who convicted appellants, and the United States Marshals who had charge of them, was affirmed by this Court on September 14, 1967, United States v. Hoffa, 382 F.2d 856.

The fourth motion for new trial, now before us, was filed on February 28, 1967, amended April 3, 1967, and was denied by order entered May 13, 1967; this denial followed disallowance of appellants' motion for a 90-day continuance of the hearing on the motion, made on the day set for such hearing, and the refusal to allow the motion's discontinuance without prejudice.

We affirm.

This fourth motion—relying on newly discovered evidence—set out charges of

---

1. On February 20, 1967, the Supreme Court denied appellants' motion to vacate judgment, which alleged violation of their constitutional rights by the use of electronic devices, 386 U.S. 940, 87 S.Ct. 970, 17 L.Ed.2d 880.

improper electronic surveillance of Hoffa, his witnesses, his associates, and his attorneys, by agents of the United States. The charges were extensive, covering a period before, during and after the 1964 trial and were supported by some 20 affidavits. If true, they disclosed questionable conduct by various government agents, including one Walter Sheridan, whose employment by the Department of Justice had been for the special purpose of investigating the activities of James Hoffa in an earlier case involving Hoffa—known as the Test Fleet case. His employment extended from January, 1961, to August, 1964. The motion recited some 82 specifications of alleged misconduct—tapping telephone lines, "bugging" of hotel rooms, and like electronic surveillance.

The government's response was supported by affidavits substantially denying charges of plaintiffs' motion and its supporting affidavits. The District Judge held that an evidentiary hearing should be had to resolve the factual issues framed by the opposing affidavits relating to 53 paragraphs of the motion. As to the other 19 paragraphs of the motion, he held that the allegations thereof were not relevant to the trial at which appellants were convicted, and they were accordingly stricken. On March 27, 1967, with the agreement of all counsel, the evidentiary hearing was set to go forward on May 8, 1967.

### 1. The stricken allegations.

 The stricken allegations relate, a) to alleged electronic surveillance of the Florida hotel rooms of James Hoffa and his attorney in 1961 before the happening of any of the events involved in the prosecutions before us; b) to some alleged tapping of the residence telephone of a William Buffalino, one of Hoffa's attorneys, by Detroit police officers, but the only claim of involvement of federal officers was an unsupported expression by an affiant Detroit officer that he "was under the belief that these were taps for the federal

government"; and c) to the electronic surveillance of two telephone conversations involving one Charles O'Brien, apparently an associate of Hoffa, but as the District Judge correctly found,

"Exhibits to the defendants' motion in this respect reflect that the two monitored conversations of O'Brien related only to matters regarding his own pending trial."

We agree with the District Judge that such allegations were not sufficiently relevant or material to the trial of the defendants-appellants to require taking testimony concerning them. They were properly stricken.

### 2. Denial of continuance and discontinuance without prejudice.

On the day finally set for the evidentiary hearing—May 9, 1967—and without earlier request or notice, defendants' counsel moved for a 90-day continuance on the ground that,

"Within the last several days, certain information has come to the attention of counsel. This information is of such a nature that counsel feel it would be improper for them to proceed with the Motion at this time. This information has been communicated to this defendant, [Hoffa] and counsel are authorized in his behalf to ask this Court that this matter be continued for a period of ninety days. Counsel and this defendant feel that to proceed without being fully informed on the matters that were brought to their attention within the last few days would be most improper."

The other appellants joined in this motion. Invited to do so by the District Judge, counsel did not elaborate upon the motion or disclose the nature of the "certain information" that had come to their attention. Neither did counsel disclose what circumstance forbade their disclosing the "certain information". Upon the District Judge's indication that no adequate ground for continuance had been shown, appellants' counsel

moved in the alternative that they be allowed to discontinue their motion for new trial without prejudice. The District Judge observed:

"Gentlemen, I believe that the motion to be allowed to dismiss should be overruled. This matter has been pending now for several months and the hearing date set for today was the date which was requested by counsel for the defendants after the Court had suggested an earlier date. I believe the motion should be overruled, the motion to dismiss, [without prejudice] and we should proceed."

■ Appellants declined to proceed, and the District Judge denied the motion for continuance and for leave to discontinue without prejudice. Thereafter, and on May 19, 1967, the judge entered a final order dismissing and denying the motion for a new trial. We consider that denial of the motions for continuance and for leave to dismiss without prejudice were matters addressed to the discretion of the District Judge, which was not in this regard abused.

His final order concluded:

"It is accordingly Ordered that the motion for new trial filed upon behalf of each defendant upon February 28, 1967, as amended upon April 3, 1967, be and the same is hereby denied as to each ground thereof, the same having been found to be without merit by the Court, and the motion is accordingly dismissed."

■ The relevant factual allegations of appellants' motion having been put in issue by the government's affidavits traversing them, the burden was on appellants to go forward with the proofs to sustain their charges; declining to do so, it was proper for the District Judge to deny and dismiss the motion.

■ In their address to us, appellants express concern that such order would bar any further motions to the District Court should it later be discovered that the government had been guilty of misconduct or electronic surveillance other than that described in the fourth motion for new trial. We do not consider the District Court's disposition of the matter as a holding, as a matter of law, that conduct such as that described in appellants' motion would not, if proven, be grounds for a new trial. Given the opportunity to prove the motion's allegations, appellants declined to do so. It was for that reason the motion was denied, and we affirm for that reason.

Judgment affirmed.