**James R. HOFFA, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–1332.**

United States Court of Appeals, Sixth Circuit.

Jan. 3, 1973.

Bernard Mellman, St. Louis, Mo., for petitioner-appellant; Morris A. Shenker, St. Louis, Mo., James P. Hoffa, Detroit, Mich., on briefs; Harold E. Brown, Chattanooga, Tenn., Moses Krislov, Cleveland, Ohio, Cecil D. Branstretter, Nashville, Tenn., of counsel.

David J. Slattery, Atty., Dept. of Justice, Washington, D. C., for respondent-appellee; Michael C. Sloane, Atty., Dept. of Justice, Washington, D. C., John L. Bowers, U. S. Atty., Chattanooga, Tenn., on briefs.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and CECIL, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This case involves a motion by James R. Hoffa to vacate sentence under 28 U.S.C. § 2255. District Judge Frank W. Wilson denied the motion in an opinion published at 339 F.Supp. 388 (E.D.Tenn. 1972). We affirm.

Hoffa, Ewing King, Larry Campbell and Thomas Ewing Parks were convicted on March 4, 1964, of willfully endeavoring to influence, intimidate and impede jurors in the discharge of their duties in violation of 18 U.S.C. § 1503. The charge grew out of a prior trial, now generally referred to as the "Test Fleet" case, wherein Hoffa was the only individual defendant.

Litigation arising out of the incidents surrounding the "Test Fleet" trial has been voluminous. Even before the jury tampering trial commenced, extensive motions were filed: see for example Hoffa v. Gray, 323 F.2d 178 (6th Cir.), cert. denied, 375 U.S. 907, 84 S.Ct. 199, 11 L.Ed.2d 147 (1963); United States v. Hoffa, 235 F.Supp. 611 (E.D.Tenn.1964).

Ultimately the defendants were brought to trial and found guilty. These convictions were affirmed over several contentions by the defendants, including an allegation that the testimony of a principal Government witness, Edward Partin, should have been suppressed for an alleged interference with the attorney-client relationship. United States v. Hoffa, 349 F.2d 20 (6th Cir. 1965), aff'd, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), rehearing denied, 386 U.S. 951, 87 S.Ct. 970, 17 L.Ed.2d 880 (1967).

A motion for a new trial on grounds of newly discovered evidence and for disqualification of District Judge Wilson for alleged bias was overruled. United States v. Hoffa, 245 F.Supp. 772 (E.D. Tenn.1965).

A second motion for a new trial was filed on March 18, 1964, alleging newly discovered evidence primarily relating to the activities of Partin. This motion was denied. United States v. Hoffa, 247 F. Supp. 692 (E.D.Tenn.1965), aff'd 376 F. 2d 1020 (6th Cir.), cert. denied, 389 U.S. 859, 88 S.Ct. 102, 19 L.Ed.2d 124 (1967).

A third motion for a new trial was filed in September 1965 alleging that the marshals and jurors had been guilty of intoxication and having improper relationships with prostitutes during sequestration. It was further argued that the trial judge should have disqualified himself from hearing the motion since it was alleged that he had expressed biased opinions while involved in similar activities.[1] This motion was denied. United States v. Hoffa, 247 F.Supp. 692 (E.D. Tenn.1965), aff'd, 382 F.2d 856 (6th Cir. 1967), cert. denied, 390 U.S. 924, 88 S.Ct. 854, 19 L.Ed.2d 984 (1968).

---

1. An affiant who later testified before a grand jury was convicted of perjury in connection with these allegations. United States v. Johnson, 414 F.2d 22 (6th Cir. 1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1112, 25 L.Ed.2d 399 (1970), rehearing denied, 397 U.S. 1071, 90 S.Ct. 1495, 25 L.Ed.2d 696 (1970).

A fourth motion for a new trial was filed in February 1967 in which the petitioners alleged newly discovered evidence of improper electronic surveillance. An evidentiary hearing was scheduled. On the day set for hearing, counsel for petitioners advised the court that for ethical reasons they would not be able to present any evidence at that time. A motion for a continuance was denied and the motion for a new trial denied on the basis of affidavits. United States v. Hoffa, 268 F.Supp. 732 (E.D.Tenn.1967), aff'd, 398 F.2d 291 (6th Cir. 1968).

While the petition for certiorari was pending the Solicitor General disclosed to the Supreme Court that certain conversations in which various defendants were participants had been electronically monitored by the Government. The Court then vacated and remanded to determine if the surveillances were lawful. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969). The hearing on remand disclosed that the Government had installed a recording device in Partin's automobile, with his consent, which device was used to record a conversation between Partin and the defendant King. The District Court found that no constitutional right of any defendant had been violated, that the matters overheard had not been used in any way at trial, and that these matters were neither of an incriminating nor exculpatory character as to any defendant. United States v. Hoffa, 307 F.Supp. 1129 (E.D.Tenn.1970). This decision was affirmed, 437 F.2d 11 (6th Cir. 1971) [wherein Judge McCree concurred in part and dissented in part, p. 19], cert. denied, 402 U.S. 988, 91 S.Ct. 1664, 29 L.Ed.2d 154 (1971).

Hoffa now appeals from the denial of his motion to vacate judgment pursuant to 28 U.S.C. § 2255. 339 F.Supp. 388. This motion is premised upon allegations that the principal Government witness, Partin, perjured himself and that the attorneys for the Department of Justice were aware of this falsity but made no effort to correct it. Hoffa contends that complete reversal is required, but that at a minimum an evidentiary hearing should be granted wherein he could present evidence in support of his allegations. On appeal, he also assigns error in the refusal of the District Court to permit him to take the deposition of Partin. Finally he contends that Judge Wilson should have recused himself.

As to the allegations of perjury, we affirm for the reasons stated by Judge Wilson. 339 F.Supp. at 392–399.

It also is the appellant's contention that the Government's course of conduct, especially its failure to inform the defense of the Partin-King recording, was so nefarious and contemptuous as to require reversal under the doctrine of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This is essentially the same argument that previously has been rejected by this court. 437 F.2d at 14–15. There we stated:

"Appellant also maintains that government non-disclosure of the surveillance and recording of the conversation at the original trial constituted suppression of material evidence under the rules recognized in Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967), and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). At the evidentiary hearing upon remand by the Supreme Court, the District Court reviewed the transcribed text of the conversation and concluded that 'while portions of the recording do relate to the case, they are neither of an incriminating nor an exculpating nature,' (Appended to this opinion is the text of the conversation.) A reading of the *Brady* decision indicates that suppression of evidence following request for disclosure violates due process 'where the evidence is material either to guilt or to punishment, * * *' Brady v. Maryland, 373 U.S. 83 at 87, 83 S.Ct. at 1197. Independently reviewing the conversation, we agree with the Dis-

trict Court's conclusion that the conversation was neither of an incriminating nor exculpatory character requiring disclosure." 437 F.2d at 14–15.

For the reasons stated above, we *again* reject this contention.

Next it is asserted that the Harris v. Nelson doctrine, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), necessitates the granting of appellant's request to take the deposition of Partin. Partin was examined and cross examined extensively at trial.[2] Now appellant contends that information was developed at the surveillance hearing which indicates that Partin may have perjured himself at trial. Hoffa contends that the only way to substantiate his claim is to depose Partin.

■ The *Harris* case held that the interrogatory provision of Rule 33 of the Federal Rules of Civil Procedure was not available to a petitioner for habeas corpus. The Court went on to state that some sort of discovery should be permitted where there is reason to believe that if the facts are fully developed the petitioner may be confined illegally. 394 U.S. at 300, 89 S.Ct. 1082. We hold that the District Court did not err in denying discovery in the present case for the reasons stated in his opinion. 339 F.Supp. at 393–398. Therefore we find that the District Court did not abuse its discretion in denying appellant's request for a deposition.

■ Appellant finally contends that certain issues now being contested have been raised before and therefore Judge Wilson erred in not recusing himself. We disagree.

In another case growing out of the "Test Fleet" investigation, this court found no impropriety in the same judge hearing a § 2255 motion containing many issues previously raised in a prior motion to vacate. United States v. Osborn, 415 F.2d 1021 (1969), cert. denied, 396 U.S. 1015, 90 S.Ct. 567, 24 L.Ed.2d 506 (1970). This is consistent with the view of most Circuits. United States v. Smith, 337 F.2d 49 (4th Cir. 1964), cert. denied, 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436 (1965). *See also* United States v. Delsanter, 433 F.2d 972 (2d Cir. 1970); King v. United States, 402 F.2d 58 (9th Cir. 1968); Briscoe v. United States, 129 U.S.App.D.C. 146, 391 F.2d 984 (1968); *Contra,* Halliday v. United States, 380 F.2d 270 (1st Cir. 1967), aff'd on other grounds, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). While it could be argued that, under Judge Wilson's technical holding in the prior motion, none of the issues now raised were decided, we do not feel it necessary to take such a narrow view. We hold that even if such issues were raised it would still have been proper for Judge Wilson to have heard the present proceeding.

Affirmed.

McCREE, Circuit Judge (concurring in part and dissenting in part).

I *agree* that the District Judge was not required to recuse himself. However, I adhere to the view expressed in my dissenting opinion on the occasion of appellants' previous appeal, *see* United States v. Hoffa, 437 F.2d 11, 19 (6th Cir. 1971), cert. denied, 402 U.S. 988, 91 S.Ct. 1664, 29 L.Ed.2d 154 (1971), that appellants are entitled to a hearing on the question whether Partin's testimony was false and known to be false by the Government.

2. Partin testified for seven days at trial, including five days of cross examination.