IN RE ARBITRATION BETWEEN SCALES AND ARCONTI, TRUSTEE, ET AL.

[Cite as In re Arbitration between Scales and Arconti (1983), 5 Ohio St. 3d 51.]

(No. 82-792—Decided May 18, 1983.)

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. John C. Elam,* for appellees.

*Mr. Harold E. Wonnell,* for claimant-appellee, John E. Scales.

*Messrs. Guren, Merritt, Feibel, Sogg & Cohen, Mr. Larry Michael Solove, Mr. Kenneth Cookson, Messrs. Orrin, Baird, Connerton & Bernstein* and *Mr. Jules Bernstein,* for appellant, Thomas J. Arconti, Trustee.

*Mr. William J. Mooney,* for respondent-appellee, Harold E. Wonnell.

*Per Curiam.* The issue in this appeal is whether the arbitration award authorizing payment of Scales' legal fees in the false declaration case violated Section 501(a) of the Labor-Management Reporting and Disclosure Act (LMRDA), Section 501(a), Title 29, U.S. Code. Section 501 has engendered a substantial body of case law[1] and commentary[2] since its enactment in 1959, but the precise question presented herein appears to be one of first impression. None of the cases or other authorities to which we have been referred have considered reimbursement of legal fees pursuant to a union-maintained legal services plan. Nor, as a rule, have these cases concerned secondary or subsequent prosecutions of union officials for additional crimes committed during the course of a primary or previous proceeding.[3]

---

[1] See, *e.g., Milone* v. *English* (C.A. D.C. 1962), 306 F. 2d 814; *Holdeman* v. *Sheldon* (C.A. 2, 1962), 311 F. 2d 2; *Highway Truck Drivers & Helpers Local 107* v. *Cohen* (C.A. 3, 1960), 284 F. 2d 162, affirming (E.D. Pa. 1960), 182 F. Supp. 608, certiorari denied (1961), 365 U.S. 833; *Highway Truck Drivers & Helpers Local 107* v. *Cohen* (C.A. 3, 1964), 334 F. 2d 378, affirming (E.D. Pa. 1963), 215 F. Supp. 938, certiorari denied (1964), 379 U.S. 921; *Hood* v. *Journeymen Barbers Union* (C.A. 7, 1972), 454 F. 2d 1347; *Morrissey* v. *Segal* (C.A. 2, 1975), 526 F. 2d 121; *Morrissey* v. *Curran* (C.A. 2, 1981), 650 F. 2d 1267; *Kerr* v. *Shanks* (C.A. 9, 1972), 466 F. 2d 1271.

[2] See, *e.g.,* Cox, Internal Affairs of Labor Unions Under the Labor Reform Act of 1959 (1960), 58 Mich. L. Rev. 819; Clark, The Fiduciary Duties of Union Officials Under Section 501 of LMRDA (1967), 52 Minn. L. Rev. 437; Leslie, Federal Courts and Union Fiduciaries (1976), 76 Colum. L. Rev. 1314; Bartosic & Minda, Union Fiduciaries, Attorneys, and Conflicts of Interest (1981), 15 U.C. Davis L. Rev. 227; Comment, The Fiduciary Duty Under Section 501 of the LMRDA (1975), 75 Colum. L. Rev. 1189.

[3] But, see, *United States* v. *Hoffa* (E.D. Tenn. S.D. 1964), Crim. No. 11989, conviction and overruling of first motion for new trial affirmed (C.A. 6, 1965), 349 F. 2d 20, affirmed (1966), 385 U.S. 293, second motion for new trial denied (E.D. Tenn. 1965), 247 F. Supp. 692, affirmed (C.A. 6, 1967), 376 F. 2d 1020, certiorari denied (1967), 389 U.S. 859, third motion for new trial denied (E.D. Tenn. 1965), 247 F. Supp. 692, 698, affirmed (C.A. 6, 1967), 382 F. 2d 856, certiorari denied (1968), 390 U.S. 924, fourth motion for new trial denied (E.D. Tenn. 1967), 268 F. Supp. 732, affirmed (C.A. 6, 1968), 398 F. 2d 291, remanded *sub. nom. Giordano* v. *United States* (1969), 394 U.S. 310, fifth motion for new trial denied (E.D. Tenn. 1970), 307 F. Supp. 1129 (union president subsequently convicted of jury tampering during trial on alleged violations of Section 302 of the LMRDA). A Section 501 action was brought by union members to recover legal fees paid on behalf of the defendant Hoffa in *Colpo* v. *Hoffa* (D.D.C. Dec. 6, 1968), Civ. No. 1154-64, unreported. The case was settled on the merits before trial. See *Colpo* v. *Hoffa* (D.D.C. 1971), 81 LRRM 2545, affirmed (C.A. D.C. 1972), 81 LRRM 2560.

The relevant language of Section 501(a) states as follows:

"The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. * * *" The language of the plan parallels the statute forbidding benefits when the union is "an adverse or opposing party (or alleged victim or prosecuting witness in a criminal * * * matter)."

The basic point of contention is whether the first prosecution, for which Scales could not be reimbursed for his legal fees under the plan, and the second prosecution, for which he sought reimbursement of counsel fees, were separate legal entities notwithstanding the shared factual backdrop. If the two proceedings were inextricably linked, then Scales' conviction for breaching his fiduciary obligations would bar recovery by operation of the plan and Section 501. If, however, the proceedings were distinct, the claim for reimbursement in the second case would stand on the same footing as any other claim brought by an eligible union member pursuant to the plan.

Appellant argues that "Claimant Scales' false declaration was an integral part of his scheme to defraud and embezzle large sums of money from the Union. It can be viewed as nothing other than a blatant act seeking to cover-up his crimes in complete derogation of the interests of the union and its membership. If the union was not the intended victim of this scheme, then who was?" The court of appeals rejected this characterization of the false declaration case, stating that these contentions "which would have validity in opposing a claim filed for reimbursement in case No. CR-2-78-11 [the embezzlement prosecution] * * * have no pertinence to the instant case." We agree. As the appellees note, "the misconduct for which the Claimant-Appellee stood charged was an offense against the United States. The Respondent-Appellant was neither an alleged victim nor the prosecuting witness in the matter for which the Claimant-Appellee seeks payment of his legal fees. Since the misconduct for which the Claimant-Appellee stood charged in no way involved any fiduciary duty owed by Claimant-Appellee to the Union or its membership with regard to union money or property, it was not proscribed by Section 501(a)."

"* * *Most courts have read section 501 broadly and have interpreted it as establishing the fiduciary obligations of union officials in all their func-

tions." *American Postal Workers Union* v. *American Postal Workers Union* (C.A. D.C. 1981), 665 F. 2d 1096, 1108. Assuming the correctness of this interpretation, we are still constrained to find, as did the arbitrator and the lower courts, that claimant-appellee's claim for reimbursement of the legal expenses he incurred in the second prosecution did not arise from any breach of his "fiduciary obligations * * * in all their functions." Rather, the claim arose from Scales' prosecution and conviction under Section 1623, Title 18, U.S. Code, for knowingly causing a document containing a false material declaration to be used as evidence in his first trial. Under the plan, which was consciously drafted to conform to Section 501, a member in good standing of Local 423 was entitled to payment for legal fees incurred in defending a felony prosecution so long as the plan's exclusionary provisions did not apply. The plan proscribed the payment of benefits if the local or international was "an adverse or opposing party (or alleged victim or prosecuting witness in a criminal * * * matter)." As the court below stated, however, "neither the International Union nor Local 423 were adverse or opposing parties nor were they alleged victims or prosecuting witnesses in this criminal action." Thus, the exclusions predicated on the prohibitions contained in Section 501(a) did not pertain.

In short, for purposes of the second prosecution, Scales was just an ordinary member of Local 423 seeking to participate in the plan and was entitled to recover his legal fees from the plan. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

